Mrs. John Melba **ROBINSON**, Plaintiff-Respondent,

v.

Ovied **CONLEY**, Defendant-Appellant.

No. KCD 27093.

Missouri Court of Appeals, Kansas City District.

March 31, 1975.

Gordon Gamm, The Legal Aid and Defender Society of Greater Kansas City, Inc., Kansas City, for defendant-appellant.

H. George Lafferty, Jr., Kansas City, for plaintiff-respondent.

Before SWOFFORD, P. J., and WELBORN and HIGGINS, Special Judges.

SWOFFORD, Presiding Judge.

This is a civil action seeking damages for injuries sustained by plaintiff-respondent when she was struck by an automobile driven by defendant-appellant as she attempted to walk across Prospect Avenue in Kansas City, Missouri. Trial was to the court sitting without a jury. The defendant-appellant conceded the issue of liability, and chose to have the case tried only on the issue of damages. The trial court awarded plaintiff-respondent damages in the amount of $2,712.00. This appeal followed.

The evidence tended to show that on December 8, 1971, Mrs. John Melba Robinson, a 24-year old woman, was crossing Prospect Avenue near the 44th Street intersection. At this intersection, Prospect Avenue runs north and south, and 44th Street runs east and west. She was walking eastwardly along the south side of the intersection, when appellant's automobile, going westwardly on 44th Street, struck her near the middle of the street. The automobile was going between 15 and 20 miles an hour when it struck her in the stomach and left arm. She was thrown up onto the hood of the car, and when the automobile stopped, she was thrown onto the street pavement and knocked unconscious. She was placed in an ambulance and taken to St. Joseph Hospital. At the hospital she was treated for injuries to her head and left ear. Although her head was bleeding and she was vomiting some blood, no stitches were taken and she was released. That evening, she returned to the hospital because her head was hurting, and she was given a prescription.

She testified that she was unable to work for two months and one week following the accident. She said that during that period of time she was continually bothered by the injuries she sustained in the accident, and experienced periods of dizziness and throbbing at the back of her head. She had never had this type of discomfort before the accident. At the time of the accident, she was employed at Parmelee Plastics, and was making approximately $300.-00 per month. Even after she went back to work she continued to have headaches and dizzy spells several times a week. By the time of trial, almost twenty-three months after the accident, she had gotten over the dizzy spells, but still experienced some head discomfort. She also testified that she had had to go see a doctor about some stomach pains which developed after the accident. Apparently, the stomach pains had subsided by the time of trial.

On this appeal, appellant argues: (1) the testimony of plaintiff-respondent was unworthy of belief, because it was vague, equivocal, and inconsistent with her pretrial statements; (2) the amount of the award was inconsistent with previous judicial awards for comparable injuries; and (3) plaintiff-respondent failed to show that her injuries were caused by the accident.

■ The first assignment of error is directed at the credibility of the plaintiff-respondent as a witness. The trial court in awarding damages herein impliedly gave credence to her testimony. We have reviewed the record and do not find her testimony vague, equivocal, or so inconsistent as to rob it of all probative force. We give deference to the trial court's determination with respect to the credibility of her testimony. Rule 73.01(b), V.A.M.R.

■ We further find that the amount of the award is not out of line with previous judicial awards for comparable injuries. See: Hiken v. Wilson's Shoes, 317 S.W.2d 673 (Mo.App.1958), where $3,500.00 was approved as an award for a 16-year-old girl who, two years previously, had fallen down a flight of stairs and had received temporarily disabling but not serious nor permanent injury; and, Moore v. Glasgow, 366 S.W.2d 475 (Mo.App.1963), where a $2,500.00 award was approved for a man who had received lacerations on his head, scraped skin, and bruises in an automobile accident, was not hospitalized, and went back to work in two weeks.

■ Lastly, we find that a sufficient nexus between the accident and plaintiff's injuries was established. The injuries hereinbefore described (stomach pains, dizziness, and head throbbing), were such as naturally and directly result from an accident such as this (automobile striking pedestrian in stomach, and throwing her onto ground causing her head to strike pavement). Plaintiff unequivocally testified she had not had these particular types of disorders before the accident. Appellant argues that since plaintiff did not call as witnesses the physicians who examined her, a presumption arises that their testimony would have been unfavorable to plaintiff. However that may be, such a presumption is not conclusive, but is merely a circumstance which may be pointed out to the trier of fact for whatever value the latter may accord it. See: Edwards v. Zahner, 395 S.W.2d 185 (Mo.1965); Transamerican Freight Lines, Inc. v. Monark Egg Corp., 236 Mo.App. 1047, 161 S.W.2d 687 (1942).

■ This being a court-tried case, we review the case upon both the law and the evidence as in suits of an equitable nature. Rule 73.01(a). We hold that the judgment of the trial court is based on findings of fact supported by the evidence; that no error of law appears in this record; and the judgment is therefore affirmed.

All concur.