**Dora FISCHER, Plaintiff-Appellant,**

v.

**FAMOUS–BARR COMPANY,
Defendant-Respondent.**

No. 42432.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 2, 1981.

Richard McConnell, Jr., St. Louis, for plaintiff-appellant.

Larry Valentine, St. Louis, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

Plaintiff alleged false imprisonment. The jury returned a verdict of $20,000 for actual damages. Defendant's motion for new trial was granted. Plaintiff appeals. We affirm.

The evidence shows that on May 28, 1977, plaintiff, a seventy-four year old woman, purchased two pantsuits from a department on the fourth floor of defendant's downtown St. Louis store. However, the sales person who attended plaintiff neglected to remove a "security wafer" attached to each of the items purchased. As plaintiff neared the escalator she walked under a device in the ceiling which sensed the presence of the security wafer. An alarm sounded. Mrs. Lela Creason, a seventy-four year old woman in defendant's employ, heard the alarm. Creason looked in the direction of the fourth floor escalator and noticed plaintiff was the only person in the area. Creason followed plaintiff and tapped her on the shoulder as plaintiff descended the escalator to the third floor. Creason explained to plaintiff the alarm had been activated. A short discussion ensued and it was determined the sales person had neglected to remove the security wafer. Plaintiff returned to the fourth floor sales desk and the security wafer was mechanically removed. Plaintiff was then permitted to leave.

Plaintiff's first contention, which we will consider, is that the trial court erred in sustaining defendant's motion for new trial. In this point on appeal plaintiff complains of three of the four grounds listed in the court's order for sustaining the motion. These three grounds concerned the court's failure to require plaintiff to present expert medical testimony establishing the causal connection between plaintiff's alleged false imprisonment and her subsequent physical and mental maladies. Specifically, the trial court held it had erred and a new trial was warranted because the court had:

(1) Overruled defendant's pre-trial motion in limine which sought to exclude evidence of plaintiff's physical and mental maladies without expert testimony concerning whether defendant's acts caused plaintiff's injuries; and

(2) Overruled defendant's objection to the admission of evidence bearing upon plaintiff's alleged injuries Without medical testimony as to causation; and

(3) Overruled defendant's motion at the close of all the evidence which sought to have the jury instructed to disregard all evidence pertaining to plaintiff's medical expenses and to order plaintiff's counsel not to argue plaintiff's medical expenses due to the fact that no expert testimony had been elicited concerning the causation of plaintiff's alleged injuries.

In determining plaintiff's first allegation we note that trial courts are vested with broad discretionary authority to grant a new trial for errors which affect the

determination of issues of fact. *Hawley v. Merritt*, 452 S.W.2d 604, 608–609 (Mo.App. 1970). The trial court's failure to require expert medical testimony was an error which affected the determination of whether defendant's acts caused plaintiff's injuries. Thus, our review is limited to the determination of whether there has been an abuse of discretion. *Oventrop v. Bi-State Development Agency*, 521 S.W.2d 488, 492 (Mo.App.1975).

■ It is well settled in Missouri that plaintiff bore the burden to establish that defendant's actions were the proximate cause of the injuries for which she sought damages. *Bertram v. Wunning*, 385 S.W.2d 803, 805 (Mo.App.1965). Plaintiff contends the trial court abused its discretion by granting a new trial because plaintiff carried her burden of proof by introducing substantial evidence which established the causal relation between defendant's acts and plaintiff's injuries. We are unable to agree. Plaintiff's evidence did show that following her encounter with defendant's employees plaintiff was nervous and had a great deal of trouble sleeping. Within an hour of her alleged incarceration red blotches appeared on her throat and chest. Further, four weeks after the occurrence she was afflicted with fever-blister like sores on her face and legs. As we view the evidence plaintiff established she suffered from the above ailments, *not* that defendant's acts caused these injuries. The only evidence which directly bore upon the cause of plaintiff's ailments was her own testimony. Considering its nature and source, the probative value of this evidence must be severely questioned. At trial, plaintiff testified that prior to her alleged captivity she had never experienced any of the above symptoms. However, the medical records maintained by one of her own physicians disclosed plaintiff had been afflicted with "red blotches in the area of the chest and neck ..." approximately two years before her alleged detention. Furthermore, plaintiff also testified that prior to her alleged incarceration she had no medical problems which required treatment with drugs. Again, plaintiff's testimony was contradict-ed by the records maintained by one of her own physicians. These records revealed that prior to her alleged imprisonment plaintiff had a long history of ailments which had been treated with many types of drugs.

■ Under the facts and circumstances presented we believe the trial court did not abuse its discretion in granting a new trial due to its failure to require plaintiff to present expert medical testimony concerning the cause of plaintiff's injuries. Of course, there are cases where the facts in evidence reasonably permit an inference by a jury of lay persons, without the aid of a medical expert, that a particular incident was the proximate cause of an injury. *Bertram v. Wunning*, 385 S.W.2d at 806. For example, in "sudden onset" cases causation may be shown without expert medical opinion. *DeMoulin v. Kissir*, 446 S.W.2d 162, 165 (Mo.App.1969). Typically, sudden onset cases present fact situations where a physical injury develops concurrently with an act which obviously injures a plaintiff's person. Eg. *Harrison v. Weller*, 423 S.W.2d 226, 230–231 (Mo.App.1967) (broken ribs develop concurrently with tractor trailer's collision into pick-up truck in which victim was riding); *Bell v. S. S. Kresge Co.*, 129 S.W.2d 932 (Mo.App.1939) (internal injuries develop immediately following victim's swallowing broken glass). Plaintiff argues her injuries are of the sudden onset variety. We think the issue of the cause of plaintiff's injuries presented questions too complex to warrant application of the sudden onset rule. Even though one of plaintiff's alleged injuries, the red blotches, was objectively manifested within an hour of her incarceration all of her maladies are psychological or emotional in nature. Unlike the victims in the sudden onset cases, plaintiff suffered no physical injury which was obviously caused by a physical trauma. The only physical trauma plaintiff experienced at all was a light tap on the shoulder. It very well may have been that this slight physical contact, along with her subsequent captivity, set a complex chain of psychological events in motion which ultimately produced all of plaintiff's

alleged injuries. However, the issue of whether the incident did in fact set psychological forces in motion which caused plaintiff's ailments is a complicated question well suited for persons learned in the science of medicine. *Wilhelm v. State Traffic Safety Commission*, 230 Md. 91, 185 A.2d 715, 719 (1962). The trial court, by allowing "a jury of laymen, unskilled in medical science, to attempt to answer questions concerning the origin . . . of such conditions or injuries with no medical testimony on the subject . . . permit[ted] the rankest kind of guesswork, speculation and conjecture." *Harrison v. Weller*, 423 S.W.2d at 231. Thus, the trial court properly exercised its discretion by granting a new trial.

■ Plaintiff also contends the trial court erred by sustaining defendant's motion for new trial because one of the four grounds alleged in the motion did not set forth a specific error as required by Rule 78.07. Assuming, for the sake of argument, the trial court did err we will not reverse the judgment because the other three reasons for granting the motion were proper, as discussed above. *Davis v. Perkins*, 512 S.W.2d 868, 870 (Mo.App.1974).

Judgment affirmed.

WEIER and GUNN, JJ., concur.