**PIHSIOU HSU, Plaintiff-Appellant,**

v.

**MOUND CITY YELLOW CAB COMPANY, Defendant-Respondent.**

**No. 42651.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 25, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Oct. 16, 1981.

William R. Hirsch, Clayton, for plaintiff-appellant.

Mark R. Henry, Clayton, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

In an action to recover damages allegedly caused by defendant's negligence, the plaintiff received a jury verdict of $50,000. The defendant's motion for a new trial was sustained, and from this order the plaintiff appeals.

On the evening of July 5, 1977, plaintiff was a passenger in the rear seat of a companion's car when it was struck from the rear by defendant's taxicab. Upon impact, the plaintiff was thrown into the front seat of the car and then thrust backward. Immediately following the accident, plaintiff complained of dizziness. Upon returning home that evening, plaintiff experienced headaches, back pains, and a sore neck. As her condition worsened the next day, plaintiff went to Barnes Hospital to receive emergency medical treatment. At the hospital, plaintiff was x-rayed, given medication, and advised by a doctor to get some rest. On July 8, plaintiff returned to the emergency room of Barnes Hospital as an out-patient complaining of continued ill health. On July 11, plaintiff met with Dr. Ratchinson, a neurosurgeon, who suggested that she return to her home in Washington, D.C. to recuperate. Subsequently, plaintiff was under the care of another neurosurgeon in Washington for approximately one year. During this time, plaintiff was hospitalized for one month at the George Washington University Hospital, where a myelogram and x-rays were taken. Following her hospitalization plaintiff received rehabilitation therapy and chiropractic treatment. As a result of the injuries she sustained in the collision with defendant, plaintiff alleges that she has been physically impaired, prevented from pursuing her aca-

demic aspirations, and unable to work in a normal capacity.

In sustaining defendant's motion, the trial court ordered a new trial because: 1) there was insufficient evidence to show a direct causal relationship between the collision and the physical injuries alleged by the plaintiff; 2) there was insufficient evidence to show that the medical and hospital bills were necessary for treatment of plaintiff's alleged injuries; and 3) the withdrawal instruction proffered by the defendant should have been given to the jury instructing them to disregard plaintiff's medical expenses since neither causation of her injuries nor necessity of the medical treatment were proved.

█ A trial court is "vested with broad discretionary authority to grant a new trial for errors which affect the determination of issues of fact." *Fischer v. Famous-Barr Company*, 618 S.W.2d 446 (Mo.App.1981). In reviewing a trial court's order for a new trial, the appellate court must only determine if there has been a clear abuse of discretion in granting the motion. *Fischer, supra.*

█ In order to make a submissible case, it is incumbent upon the plaintiff to show that the negligent actions of the defendant were the proximate cause of her injuries. *Bertram v. Wunning*, 385 S.W.2d 803 (Mo. App.1965). Plaintiff asserts that the trial court abused its discretion in ordering a new trial because sufficient evidence was presented at trial to establish a causal connection between the collision and the injuries she allegedly sustained. We disagree. The evidence at trial tends to show that after the collision with defendant's taxicab, plaintiff complained of dizziness, headaches, and pains throughout the upper body. The primary evidence establishing a nexus between the collision and the plaintiff's complaints is the subjective testimony of the plaintiff. Although the evidence at trial establishes that the plaintiff received medical treatment, there is no medical evidence in the record establishing a direct causal connection, nor is there any evidence as to the specific nature of her injuries. Plaintiff contends the sudden onset of her complaints immediately following the collision is prima facie evidence of the causal connection.

█ Proximate cause may reasonably be inferred by a layman without the aid of a medical expert in certain instances when a discernable physical injury occurs concurrently to an event which is competent to precipitate such a result. *Bertram v. Wunning, supra.* If there has been no discernable injury linked to the tort, medical evidence is necessary to determine the type, extent, or duration of the alleged injury, *Harrison v. Weller*, 423 S.W.2d 226, 231 (Mo.App.1967), unless the disorder complained of is a direct and natural result of an ostensible injury. *Robinson v. Conley*, 522 S.W.2d 33, 35 (Mo.App.1975).

In this instance, plaintiff's feelings of pain and vertigo are too indefinite for a jury to determine whether the alleged injuries were caused by defendant's negligence. Evidence of medical expenses and subjective complaints of pain will not suffice in proving the existence or nature of an alleged injury which is not readily discernable. Although symptoms of pain were manifested within a short time after the collision, plaintiff's failure to present medical evidence at trial left the jury to speculate as to what injuries were actually sustained as a result of the accident. Thus, any attempt by a jury of laymen, unskilled in medical science, to determine the etiology of the plaintiff's disorder without any medical evidence as to the type, extent, or duration of such injury is no more than mere conjecture. *Fischer, supra.*

The plaintiff next contends the trial court erred in granting a new trial because sufficient evidence exists to show that the medical expenses she incurred were necessary for the treatment of the injuries she sustained as a result of the collision. Therefore, plaintiff asserts that the trial court properly denied defendant's request for the withdrawal from evidence of all medical expenses, but later erred in granting a new trial for failing to give an instruction removing such evidence from consideration of the jury. We are unable to find this argument persuasive.

Since plaintiff failed to present any medical evidence of the specific nature of her injury, we cannot determine whether the expenses she incurred for the treatment of her alleged injuries were reasonably necessary. Although the evidence is insufficient to show what injuries she sustained from the collision, it is reasonable to infer that her initial medical examination and x-ray treatment the day following the accident were necessary to diagnose any possible injuries. *Wise v. Towse*, 366 S.W.2d 506 (Mo.App.1963). But before any further medical expenses are considered by the jury, the plaintiff must proffer evidence of the necessity of the medical treatment and its nexus with the collision. *Harrison v. Weller, supra.*

In reviewing the record, we believe the trial court did not err in ordering a new trial because the plaintiff failed to show a direct causal relationship between the collision and her alleged injuries, and the necessity of her medical expenses.

Affirmed.

WEIER and GUNN, JJ., concur.