Louise SMITH, Plaintiff-Respondent,

v.

GRAVOIS REST HAVEN, INC., Defendant-Appellant.

No. 45629.

Missouri Court of Appeals, Eastern District, Division Five.

Nov. 22, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied Dec. 28, 1983.

John L. Harlan, Brentwood, for defendant-appellant.

Alfred J. Rathert, Fenton, for plaintiff-respondent.

MICHAEL J. HART, Special Judge.

Defendant Gravois Rest Haven appeals from a jury verdict of $20,000.00 in favor of plaintiff Louise Smith in a personal injury action. Plaintiff, a resident of defendant, Gravois, a nursing home, was injured after falling in the nursing home on February 28, 1978. Mrs. Smith died on January 21, 1982 and her son, Hardy Smith was substituted as her personal representative.

On appeal, defendant argues: (1) plaintiff failed to make a submissible case of negligence; (2) plaintiff failed to prove a causal connection between her injuries and defendant's alleged negligence; and (3) portions of plaintiff's closing argument were unsupported by the evidence, outside the scope of the submitted issues, in conflict with the instructions, and calculated to mislead the jury. We affirm.

■ Defendant argues that the trial court erred in failing to grant defendant's motion for a directed verdict and erred in giving the verdict directing instruction because plaintiff failed to make a submissible case. In determining whether a submissible case was made, we must consider the facts

in a light most favorable to the plaintiff. *Fain v. GTE Sylvania, Inc.,* 652 S.W.2d 163, 164 (Mo.App.1983).

Viewed in the light most favorable to plaintiff, the evidence at trial showed that plaintiff, a seventy-eight year old woman, had been a resident at defendant nursing home since December, 1977. She had been placed there because she had fallen at home, had experienced periodic dizzy spells, and seemed confused and disoriented. Upon admission to Gravois, plaintiff's doctor instructed Gravois that she be restrained in a chair or bed as needed. Plaintiff fell out of bed at Gravois in January, 1978. Gravois restrained her by using a "Posey," a vest-like cloth or nylon device that fits across the chest and is tied with straps to the back of a chair or to bed springs.

Plaintiff's son, Hardy Smith, testified that he visited his mother at about 6:30 P.M. on February 28, 1978. At 7:00 P.M., she said she had to use the bathroom and a nurse escorted her there. Hardy went back to plaintiff's bedroom where he saw her in bed, unrestrained. As he left, he told two nurses that his mother did not have on a restraint. One of the nurses assured him that she would take care of it.

Mrs. Robert, a nurse supervisor, decided that plaintiff needed to be restrained because she had been confused that day and had tried to get out of her wheelchair. She gave plaintiff a sleeping pill and a stool softener about 8:00 P.M. and told a nurse's aid to put a posey on plaintiff.

The aid testified she put plaintiff to bed that night and put the posey on her. The aid put plaintiff's arms through the arm holes, saw that it fit properly on plaintiff's chest and shoulders, criss-crossed the posey's straps behind her back, and tied them to the springs with a double knot so that plaintiff could not reach them. The aid then raised the side rails of the bed, pinned a call button to plaintiff's sheet clothes and went to the nurse's station.

Mrs. Robert testified that she saw plaintiff in bed that night and was not absolutely sure that she had a posey on.

About forty-five minutes later, the nurse's aid heard a shout from plaintiff's room. She found plaintiff lying undressed on the floor between her bed and the bathroom. The side rails on the bed were still up, and the posey was on the bed, tied underneath the mattress.

Plaintiff complained of pain from the fall. Portable x-rays taken the day after her fall showed a fractured right hip. She was taken to a hospital and the fracture was repaired in surgery. The parties stipulated that plaintiff's medical expenses and hospital expenses totalling about $6,000.00, were reasonable and necessary to treat her injury.

Defendant complains that plaintiff failed to make a legally submissible case of negligence because the evidence supported inconsistent conclusions of equal probability. Plaintiff's theory in the complaint and the verdict directing instruction was that she was not restrained on the night of the fall. Defendant argues, however, that there were four possible inferences that could have been made from the evidence: (1) plaintiff was restrained in her bed; (2) plaintiff was not restrained in her bed; (3) plaintiff was restrained but managed to free herself from the restraint and climb out of bed; and (4) plaintiff was not adequately restrained. Defendant argues that only the second inference supports plaintiff's theory.

Defendant contends that the fourth inference, inadequate restraint, was not submitted to the jury and cannot be considered. Defendant's attempt to distinguish inadequate restraint from no restraint, is not persuasive. Either plaintiff was restrained by having the posey on, no matter in what manner, defendant argues, or she was not restrained because the posey was not put on her at all. We disagree.

If the posey was inadequate either because not properly put on or because not secured correctly, plaintiff was not restrained. We see no reason why restraint cannot be equated with proper restraint,

and conversely, why improper restraint cannot be equated with no restraint at all.

■ It is true that if the evidence supports inconsistent conclusions of equal probability, one in favor of plaintiff's claim of negligence and one against, plaintiff has failed to establish her case or remove it from the realm of speculation. *Webb v. City of Clayton,* 494 S.W.2d 662, 664 (Mo. App.1973). In this case, however, the inferences or conclusions are not equally probable.

Defendant, in accordance with the instructions of plaintiff's doctor to restrain plaintiff as needed, undertook the duty to keep plaintiff in her chair or bed and not permit her to get out if she was confused, disoriented or in danger of hurting herself. Mrs. Robert, as stated above, determined that plaintiff needed to be restrained that night. The evidence shows that defendant failed to carry out its duty.

The evidence at trial showed that plaintiff was a frail, elderly woman who had a history of crippling arthritis and heart trouble. She had been given a sleeping pill about one hour before she fell. If she had been restrained by the posey as defendant contended, it would have been highly unlikely that, with her arthritis and groggy condition, she could have untied the posey and walked out of bed. The more reasonable inference from the evidence was that the posey was not properly put on or not put on at all. In either case, plaintiff was not restrained. We cannot say, therefore, that the evidence supported inconsistent conclusions of equal probability.

■ Negligence is ordinarily a jury question, and where different, reasonable conclusions may be supported by the facts in the case, the question of negligence is almost always for the jury. *Howell v. Welders Products and Services, Inc.,* 627 S.W.2d 311, 312 (Mo.App.1981). The trial court, thus did not err in submitting the case to the jury, and the verdict directing instruction, requiring that "defendant failed to restrain plaintiff" was proper.

Defendant's second point is that plaintiff failed to show by substantial evidence that defendant's alleged negligence caused her injuries and damages. Plaintiff asserts that this point was not raised in defendant's motion for new trial and is not preserved for review. Defendant claims that it is part of its new trial argument that plaintiff did not make a submissible case, and so it is preserved for review.

■ To lay the issue to rest, we hold that there was substantial evidence showing that defendant's negligence caused plaintiff's injuries and damages. Plaintiff's broken hip was shown by the bedside x-rays taken the day after her fall. Moreover, it is common knowledge that an elderly person often suffers a broken hip in a fall. Under those circumstances no expert medical testimony was necessary to show the causal connection between her fall and her injuries. *Ponciroli v. Wyrick,* 573 S.W.2d 731, 735 (Mo.App.1978); *Robinson v. Conley,* 522 S.W.2d 33, 35 (Mo.App.1975); *Bell v. S.S. Kresge Co.,* 129 S.W.2d 932, 935 (Mo.App. 1939).

Defendant's third point on appeal, complaining of portions of plaintiff's closing argument, merely repeats the contention that inadequate restraint is distinct from no restraint. As we have already rejected that argument, we find no abuse of the trial court's broad discretion in its rulings on plaintiff's closing argument.

Judgment affirmed.

KAROHL, P.J., and HAROLD LOWENSTEIN, Special Judge, concur.