**DeLawrencea HOLMES,
Plaintiff-Appellant,**

v.

**Stephen GAMEWELL, J. Sheehan Plumbing Co., Inc., and Marilyn Maldonado,
Defendants-Respondents.**

No. 50273.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 3, 1986.

Samuel A. Goldblatt, St. Louis, for plaintiff-appellant.

James E. Godfrey, Jeffrey L. Cramer, St. Louis, for defendants-respondents.

KAROHL, Presiding Judge.

Plaintiff Holmes appeals from trial court judgment notwithstanding verdict and in accordance with defendants' motions for directed verdict. Defendant Maldonado also filed an alternative motion for new trial which was not ruled on. The judgment set aside a jury verdict in favor of the plaintiff and against both defendants for $2,500 personal injuries, and $2,500 property damage.

Plaintiff sued defendants Marilyn Maldonado, Stephen Gamewell, and his employer, J. Sheehan Plumbing Company, Inc., for personal injuries and property damage sustained in an automobile collision at the intersection of Hamilton and Page Avenues in the City of St. Louis on April 29, 1980.

The trial court granted judgment n.o.v. for defendants Gamewell and Sheehan Plumbing Company on the grounds that plaintiff. failed to prove negligence on the part of defendant Gamewell causal to the casualty, and failed to prove medical causation for the injuries claimed. The trial court granted judgment n.o.v. for defendant Maldonado on the grounds that plaintiff failed to make a submissible case on liability and damage and medical causation. In the alternative, both defendants moved the court to reduce the judgment for property damage from $2,500 to the sum of $700 because that is the amount claimed in the petition, supported by the evidence, and argued to the jury.

■ In reviewing a question of evidentiary sufficiency, a judgment notwithstanding the verdict presents the same issue as a verdict directed at the close of all the evidence. *Essex v. Getty Oil Company,* 661 S.W.2d 544, 549–550 (Mo.App.1983). A verdict directed against plaintiff will be reversed on appeal unless the facts and inferences are so strongly against plaintiff as to leave no room for reasonable minds to differ. *Essex,* 661 S.W.2d at 550. This court must look to the pleadings and then review all evidence in the light most favorable to plaintiff. *Grossman Iron & Steel Co. v. Bituminous Cas. Corp.,* 558 S.W.2d 255, 258 (Mo.App.1977).

We review the evidence with these principles in mind. Plaintiff was stopped at a traffic light heading east on Page Avenue. The traffic lights changed and a blue Mustang heading southbound on Hamilton violated a red light in entering the intersection. Defendants Gamewell and Maldonado were driving westbound on Page with Gamewell in front and one lane to the right of Maldonado. Gamewell testified that he

swerved to the left without signaling to avoid the blue Mustang which had slowed or stopped briefly in his path. Plaintiff testified he never saw the blue Mustang. Defendant Maldonado testified that the blue Mustang passed entirely through the intersection and she did not see it slow or stop. In swerving, Gamewell bumped Maldonado, who then crossed the street into the oncoming lane and hit the nearly stopped car of plaintiff Holmes head on. Plaintiff's car had to be towed away.

Police arrived at the scene and asked plaintiff if he was hurt or if he needed medical attention. He replied that he did not know if he was injured but did not need to go to the hospital. The next day, plaintiff spoke with defendant Maldonado and told her he was fine. Seven days later, plaintiff consulted Dr. Hilliard for neck and back complaints.

Plaintiff did not call Dr. Hilliard at trial as a medical expert but over objection was permitted to have Hilliard's office manager read the doctor's treatment records, including the diagnosis of cervical strain, contusion, anterior thorax and lumbar sacrum strain. The doctor had medical problems but was still regularly practicing medicine. These records did not include a medical history or any specific cause of the complaints diagnosed. The only expert medical testimony was provided by defendants' expert, Dr. Fredrick, whose deposition was read in court. Dr. Fredrick was "unable to find any definite objective or x-ray evidence of any injury directly attributable to this accident."

The jury returned a unanimous verdict for plaintiff, assessing 50% fault against each defendant and awarding $2,500 for property damage, and $2,500 for personal injuries.

■ On this evidence, viewed in a light most favorable to plaintiff, a reasonable juror could find negligent breach of duty proved against both defendants. Defendant Maldonado was on the wrong side of the road when she struck plaintiff. This creates an inference of negligence which defendant must rebut by presenting evidence of justification. *Friederich v. Chamberlain*, 458 S.W.2d 360, 366 (Mo. banc 1970). The jury must decide whether such justification is adequate to excuse negligence. *Friederich*, 458 S.W.2d at 366. Maldonado's evidence of justification was that Gamewell forced her over to the wrong side of the road. However, Gamewell testified the impact between his car and Maldonado's vehicle was minor and not enough to cause Maldonado's car to cross onto the wrong side of the road. This evidence supports a verdict rejecting the contention of justification and invoking the inference of negligence.

■ Similarly, defendant Gamewell was found by the jury to have breached his duty to plaintiff by failing to signal his lane change or by failing to keep a careful lookout. Gamewell did testify that a corner building blocked his early view of the blue Mustang, and that he had no time to signal, and that such a signal would have been ineffective in any case. However, the jury is free to assign this testimony whatever weight it chooses. *Crawford v. Charlie Moore Tire and Service Center, Inc.*, 643 S.W.2d 843, 844 (Mo.App.1982). Defendant Maldonado testified that before the casualty she saw the blue Mustang pass completely through the intersection without stopping. From this evidence and reasonable inferences drawn therefrom the jury could have found that defendant Gamewell had time by careful lookout to have seen the blue Mustang and in the exercise of the highest degree of care could have avoided the casualty. If the blue Mustang had time to clear the intersection before the collision it may be inferred that defendant Gamewell could or should have seen it in time to avoid the collision. The testimony of each defendant made a submissible case of negligence as against the other defendant.

■ Because there was a submissible case of negligence against both defendants, the court erred in setting aside the verdict and failing to enter judgment for the plaintiff for the claim of property damage.

However, plaintiff pleaded, proved and argued only a loss of $700 as the value of his 1967 automobile and is entitled to a judgment limited to that amount.

The remaining issue is whether plaintiff proved that the collision caused the personal injuries claimed.

■ In order for plaintiff to make a submissible case as to his personal injuries, plaintiff must show that defendants' negligence proximately caused these injuries. *Pihsiou Hsu v. Mound City Yellow Cab Co.*, 624 S.W.2d 61, 63 (Mo.App.1981). Plaintiff must show this causal connection by substantial evidence, which may be direct or circumstantial. *DeMoulin v. Kissir*, 446 S.W.2d 162, 165 (Mo.App.1969). Plaintiff has failed to meet his burden in this case.

■ Plaintiff introduced the medical records of his treating physician, Dr. Hilliard. The doctor failed to take any medical history. He merely listed plaintiff's treatments, blood pressure and weight from May 5, 1980 to December 26, 1980. Plaintiff then introduced a form dated December 26, 1980 in which plaintiff had checked off "auto accident" and which body parts he had injured. This form also contained the doctor's handwritten diagnosis. Nowhere did the doctor attempt to indicate his opinion that the April 29, 1980 accident had caused plaintiff's injuries with a reasonable degree of medical certainty and so is insufficient as expert medical testimony. *Pihsiou Hsu*, 624 S.W.2d at 63.

Plaintiff argues that he does not need medical testimony to prove causation under *Pruneau v. Smiljanich*, 585 S.W.2d 252 (Mo.App.1979). That case held that plaintiff Betty Pruneau could prove causal relationship between the auto accident and her injuries without expert medical testimony because her injuries were categorized as of "sudden onset." *Pruneau*, 585 S.W.2d at 255–256. The court described "sudden onset" injuries as those which develop " 'coincidentally with the negligent act, such as broken bones ..., immediate, continuous back pain ..., or an obvious wound.' "

*Pruneau*, 585 S.W.2d at 255, *quoting, DeMoulin*, 446 S.W.2d at 165. This test was met in *Pruneau* because plaintiff had begun to experience pain within three or four days of the accident *and* "[t]here was no evidence that this pain stemmed from a pre-existing condition or intervening cause." (emphasis ours) *Pruneau*, 585 S.W.2d at 256. The court relied on the combination of these factors to align plaintiff's injuries with these of "sudden onset" cases rather than those which are apparently produced by a gradual chronic disorder and so require expert medical testimony to prove causation. *Pruneau*, 585 S.W.2d at 256.

■ In contrast, plaintiff denied injury on the day of and the day after the casualty. He first consulted Dr. Hilliard on May 5, 1980, six days after the event. There was no emergency medical attention in this case and no causation established by sudden onset. Defendants' expert witness testified by deposition at trial that plaintiff was seriously overweight and that plaintiff's x-rays showed marked bone spurring of his spine indicating advanced degenerative disease existing long before this accident and caused by spinal wear and tear. Further, plaintiff had been involved in a very similar auto accident six months after this accident and before the accident form was prepared. Plaintiff also suffered pain in his neck and back from this second accident. This evidence shows both pre-existing conditions and an intervening cause for plaintiff's injuries claimed at this trial, and medical expert testimony is required to establish that defendants' negligent acts caused plaintiff's personal injuries. The evidence does not qualify under the sudden onset exception recognized in *Pruneau*, 585 S.W.2d at 255–256. *See also Pihsiou*, 624 S.W.2d at 61, 63; *Harris v. Washington*, 654 S.W.2d 303 (Mo.App.1983). Plaintiff has failed to make a submissible case as to medical causation of his claim for personal injuries.

We affirm the judgment for defendants on plaintiff's claim for personal injuries. We reverse and remand the judgment on

the claim for property damage with instructions that the trial court enter judgment in the amount of $700 for property damage only with costs against defendants. Rule 84.14.

SIMON and GARY M. GAERTNER, JJ., concur.