Barbara CARMACK, Appellant,

v.

BI–STATE DEVELOPMENT AGENCY
and Mary Pointer, Respondents.

No. 51631.

Missouri Court of Appeals,
Eastern District,
Division One.

June 9, 1987.

James E. Lownsdale, Ray B. Marglous, Clayton, for appellant.

Kathryn M. Koch, Rodney W. Sippel, Husch, Eppenberger, Donohue, Cornfeld & Jenkins, St. Louis, for respondents.

CRIST, Judge.

Action for personal injuries by Barbara Carmack (passenger) in two, separate collisions, June 3, 1983, and April 24, 1984, while a passenger on respondent Bi-State Development Agency's (Bi-State) buses.

The trial court severed the June 3, 1983 collision count from the April 24, 1984 count. This appeal follows the trial of the June 3, 1983 collision. At the close of passenger's case, the trial court directed a verdict in favor of Bi-State and Mary Pointer (driver). We affirm.

On June 3, 1983, at the intersection of Grand Avenue and Lindell Boulevard in the City of St. Louis, passenger boarded a Bi-State bus that was traveling north on Grand Avenue. At the intersection of Grand Avenue and Olive Street, one block north of the Grand-Lindell intersection, the bus driven by driver collided with a vehicle driven by Ralph Edwards. Passenger did not see how the accident occurred.

Driver testified by deposition that the bus was traveling five miles per hour when it approached the Grand-Olive intersection. She first saw the Edwards' vehicle when the front part of the bus entered the Grand-Olive intersection. The Edwards' vehicle was in the curb lane of Olive Street, at a 45-degree angle to the bus, making a right turn onto Grand Avenue. Driver testified, given the weather and road conditions at that time, she could stop a bus traveling five miles an hour in thirty-five feet without endangering the bus or its passengers.

The responding police officer observed damage to the right front of Bi-State's bus and the left front of Edwards' vehicle. The officer estimated the width of Grand at the intersection to be forty feet.

Passenger testified the bus "jerked" when the Edwards' vehicle collided with it. She "went forward and came back" in her seat. She felt "shook up" but didn't feel anything else. Her elbow "felt a little tender" but she did not know if the collision caused the tenderness. She did not feel any other pain or ill effects on the day of the accident.

On Saturday, June 4, 1983, the afternoon of the day after the accident, passenger felt the gradual onset of some pain which she thought might be attributable to an oncoming cold. The next day the pain felt as though someone was sticking her with a pin throughout her back. On Wednesday or Thursday of the following week, passenger sought medical treatment from Dr. Payne.

Passenger saw Dr. Payne over three or four months. She received pain pills and heat treatment. She was never x-rayed. During this time the sensation of sticking pins abated, and in September 1983, the sensations stopped or diminished considerably. During this time passenger did not miss any work. She has not received a bill for Dr. Payne's services.

Trial was called on the counts pertaining to the June 3, 1983 collision on February 18, 1986. Defendant Edwards, having not filed an answer to the claim or cross-claim, failed to appear for trial. Default judgments were entered against Edwards in favor of passenger on her claim and in favor of Bi-State on its cross-claim for indemnity or contribution. Passenger's evidence consisted of her testimony, a reading of a deposition of driver, testimony from the officer who responded to the accident, and testimony of passenger's physician's custodian of records. During the examination of the custodian of records, passenger attempted to get into evidence a letter from her physician to her attorney and a bill from her physician. Dr. Payne was incapacitated by illness and could not respond to passenger's trial subpoena. Passenger also tried to read into evidence part of a deposition of defendant Edwards.

Passenger raises three points on appeal. The first two challenge the trial court's ruling that passenger failed to make a submissible case on the issues of negligence and causation. The third point alleges error in the trial court's decision to sever, on its own motion, Counts I and II (accident one and two) in passenger's petition.

■ At trial, during Bi-State's cross-examination of passenger, passenger objected to the trial court's severing the two counts. This allegation of error was not raised in passenger's motion for a new trial. On appeal passenger urges us to review this ruling for plain error. We decline to do so. Rule 84.13(c); *Bowman v. Burlington*

*Northern, Inc.,* 645 S.W.2d 9, 13[5] (Mo. App.1982).

The trial court found passenger failed to prove both negligence and medical causation. Because passenger's case must fail for lack of medical causation, we discuss neither whether she made a submissible case on the element of negligence nor whether the exclusion of the deposition of defendant Edwards was proper.

█ Passenger claims her injuries fell within the "sudden onset doctrine." However, the evidence was insufficient to establish "sudden onset." "Sudden onset" embraces those situation where the injury develops contemporaneously with a negligent act that is the obvious cause of the injury. *Harris v. Washington,* 654 S.W.2d 303, 306[6] (Mo.App.1983); *Fischer v. Famous-Barr Co.,* 618 S.W.2d 446, 448 (Mo.App. 1981); *Pruneau v. Smiljanich,* 585 S.W.2d 252, 255 (Mo.App.1979). Passenger's symptoms did not develop at the time of the accident, and when she began to have symptoms she thought she was getting a cold. The back pain that she experienced was neither "immediate" nor "continuous." Proximate cause could not be reasonably inferred by a layman without the aid of a medical expert. *Pihsiou Hsu v. Mound City Yellow Cab Co.,* 624 S.W.2d 61, 63[2–4] (Mo.App.1981).

█ Passenger argues that her exhibits one and two, a medical report from her physician to her lawyer, and her physician's bill for services, if admitted into evidence would have provided the evidence necessary to show causation. These exhibits were properly denied as not being qualified business records. § 490.680, RSMo 1986. The physician's letter to passenger's attorney was not a contemporaneous record of Dr. Payne's observations, diagnosis, treatment and progress of passenger, as required by the Uniform Business Records Act, § 490.680, RSMo 1986. *Tryon v. Casey,* 416 S.W.2d 252, 256[1] (Mo.App.1967). To the contrary, it was a self-serving statement. *Thomas v. Fred Weber Contractor, Inc.,* 498 S.W.2d 811, 813[3] (Mo.App.1973). The physician's half page letter states passenger was injured in the bus accident,

briefly describes passenger's symptoms, and gives a "final diagnosis" of sprain and contusion. Nowhere does the letter ascribe the injuries to the accident. Such a letter if admissible would be insufficient to show causation. *Holmes v. Gamewell,* 712 S.W.2d 34, 37[7] (Mo.App.1986). The bill was a list of dates and a notation that charges were $50 for the first visit and $20 for subsequent visits. The bill was presented without any foundation that the charges were reasonable, or that they were for treatments necessitated by injuries arising from the bus accident.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.