**Kenneth McLAIN, Appellant,**

v.

**Kent JOHNSON d/b/a Johnson Flying Service, Respondent.**

**No. WD 48954.**

Missouri Court of Appeals, Western District.

Oct. 25, 1994.

John L. Young, Princeton, for appellant.

James T. Holcomb, Trenton, for respondent.

Before ELLIS, P.J., and BERREY and SMART, JJ.

ELLIS, Judge.

Plaintiff Kenneth McLain maintained a watermelon crop on a two-and-a-half to three acre plot of land which he rented from his brother in Mercer County, Missouri. McLain had farmed watermelon on his brother's property for twenty years. McLain's watermelon patch was adjacent to ground rented and farmed by Terry Rowland. Rowland had contracted with the defendant, Kent Johnson d/b/a/ Johnson Flying Service ("Johnson"), for aerial spraying of his soybean crop. On or about August 8, 1989, Johnson sprayed the chemical 2,4–DB (among others) on Rowland's soybean crop by airplane. According to McLain, prior to the spraying, the crop appeared healthy and about two weeks from harvest; they were "good watermelons." Shortly after the spraying, McLain's entire watermelon crop died. No soil samples were taken nor were any chemical tests performed on the watermelons to determine the cause of the damage. McLain filed a petition for damages on November 23, 1993, alleging Johnson was negligent in spraying the adjacent crop and such negligence killed his watermelon crop. The case was tried to the court sitting without a jury and, on January 12, 1994, the court entered judgment in favor of Johnson. This appeal followed.

Appellate review of a court-tried case is governed by *Murphy v. Carron*, 536

S.W.2d 30, 32 (Mo. banc 1976). The judgment entered by the trial court will be affirmed by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.* Neither party requested findings of fact or conclusions of law. Such findings and conclusions are not required of the trial court unless requested and in cases where they are not requested, all fact issues are to be considered found in accordance with the result reached by the trial court. *See Watkins v. Johnson*, 606 S.W.2d 493, 495 (Mo. App.1980).

McLain presents three points on appeal. First, he claims Johnson's aerial crop spraying was an inherently dangerous activity shifting the burden of proof to Johnson and therefore, the trial court erred in imposing the burden of proof on McLain. Second, he claims the trial court erred in its determination that McLain needed an expert witness to meet his burden of proof. Finally, McLain argues there is no substantial evidence to support the circuit court's ruling and that the verdict is against the weight of the evidence.

McLain first contends that spraying chemicals is an inherently dangerous activity. He then reasons that since it is an inherently dangerous activity, all he needed to prove at trial was damage to his crop, and the burden of proof immediately shifted to Johnson to demonstrate that he "acted with due care and that he did not kill [McLain's] crop." McLain misconstrues the nature of the inherently dangerous activity doctrine.

■ Generally, the doctrine is available to impose vicarious liability on one who hires an independent contractor to perform work for him.[1] It is an exception to an exception. The general rule is that a person may be held liable for negligence on the part of those he hires to accomplish his purposes. *Ballinger v. Gascosage Elec. Coop.*, 788 S.W.2d 506, 511 (Mo. banc 1990).[2] An exception to this rule is the hiring of independent contractors responsible to the employer for the result bargained for, but not subject to control as to the means of accomplishment. *Id.* The inherently dangerous activity doctrine is then an exception to the independent contractor exception.

> Where, however, the activity undertaken by the independent contractor is inherently dangerous, the common law recognizes an exception and subjects the landowner to liability to innocent third parties for injuries resulting·from failure of the independent contractor to take special or reasonable precautions against the inherent risks or dangers.

*Zueck v. Oppenheimer Gateway Properties*, 809 S.W.2d 384, 384 (Mo. banc 1991). Thus, in the case at bar, since McLain brought his action directly against Johnson, the contractor, the inherently dangerous activity doctrine does not apply. The cases cited by McLain, primarily *La Plant v. E.I. DuPont de Nemours & Co.*, 346 S.W.2d 231 (Mo.App. 1961) and *Faire v. Burke*, 363 Mo. 562, 252 S.W.2d 289 (1952), do not hold otherwise and do not support McLain's contention. Point I is denied.

■ McLain's second point is also without merit. Even assuming, *arguendo*, that expert testimony is unnecessary, there is no evidence whatsoever that the court required McLain to produce an expert witness regarding the cause of the damage to his crop. McLain points to the statement by the circuit court judge after presentation of all the evidence:

> It would be my thought to take this matter under advisement. I want to look at some

---

1. The term "inherently dangerous" (also sometimes referred to as "imminently dangerous") is seen in products liability cases, usually in delineating exceptions to the requirement of privity of contract in a negligence action against a manufacturer or seller of a product. *La Plant v. E. I. DuPont de Nemours & Co.*, 346 S.W.2d 231, 239 (Mo.App.1961).

2. We recognize that *Zueck v. Oppenheimer Gateway Properties*, 809 S.W.2d 384 (Mo. banc 1991), overruled *Ballinger* to the extent that the latter case held that an employee of an independent contractor may maintain an action against a land owner under the inherently dangerous activity doctrine. However, our reading of *Zueck*, and the concurring opinion therein, indicates the analysis of the doctrine as applicable to innocent third parties in *Zueck* and *Ballinger* are consistent, and that the discussion contained in this opinion is still the law in Missouri as to innocent third parties.

cases on spraying before—to see what the burden of proof is. Of course, the burden of proof is beyond—or excuse me. It's the preponderance of the evidence. And *if the Court wishes to see what the burden is relative to expert witnesses.*

(Emphasis added.)

In no way does this statement imply that the trial judge required McLain to produce an expert witness to meet his burden of proof. Point denied.

■ McLain's final point is that the trial court's finding in favor of Johnson is not supported by substantial evidence and therefore, the judgment is against the weight of the evidence. *See Murphy, supra,* 536 S.W.2d at 32. He contends there is no explanation for the damage other than that Johnson caused it when he sprayed Rowland's crop. He simply points to the fact that the crop was healthy before the spraying and then it died a week after the spraying. Therefore, he argues, the spraying must have caused the damage.

■ Citing *Carmack v. Bi–State Dev. Agency,* 731 S.W.2d 518, 520 (Mo.App.1987), McLain argues that the "sudden onset doctrine" applies. The "sudden onset doctrine" refers to situations "where the injury develops contemporaneously with a negligent act that is the obvious cause of the injury." *Id.* This contention is devoid of merit. In the first place, McLain did not prove Johnson was negligent in spraying Rowland's crop. Second, the death of the crop did not necessarily happen "contemporaneously" with the spraying: there was approximately a week between the spraying and the death of the crop. Third, Johnson's spraying was not the "obvious cause" of the damage to the watermelon crop. Johnson presented evidence as to other possible causes, including residues in the soil from spraying the previous year.[3] The trial court obviously believed there was another possible cause. In a court-tried case, the credibility of witnesses and the weight to be given their testimony is a matter for the trial court, which is free to believe all, part, or none of the testimony of any witness. *In re Marriage of Felkner,* 847 S.W.2d 144, 147 (Mo.App.1993). Accordingly, we give deference to the trial court "even if the evidence could support a different conclusion." *Lisec v. Coy,* 793 S.W.2d 173, 176 (Mo.App.1990). We cannot say the judgment in favor of Johnson was unsupported by substantial evidence nor was it against the weight of the evidence. Point III is denied.

The judgment is affirmed.

SMART, J., concurs.

BERREY, J., concurs in separate opinion.

BERREY, Judge, concurring.

The forty-eight page trial transcript is not overly replete with information. The appellant's brief and reply brief total seventeen pages, and the respondent's five page brief stand as a monument of brevity.

At trial appellant's allegations were supported by both his brother's testimony and his own testimony. Their testimony appeared to be credible.

Respondent appeared pro se at trial. Respondent did not deny that he sprayed a neighboring soybean field approximately a week before the watermelons died. He also did not deny that the wind was blowing that day he sprayed the soybean field. Respondent contended however that the wind was coming from the wrong direction to blow spray over the watermelons.

Respondent testified without objection by appellant, in narrative form. He presented several speculative theories, as to how the watermelons died. A substantial portion of respondent's testimony, including his alternative theories, was hearsay, but was received

---

**3.** Although McLain had maintained a watermelon crop on his brother's property for more than twenty years, he had not grown watermelon on this precise plot in the years prior because watermelon cannot be planted in the same spot as they were grown in the previous year. This is relevant because one of Johnson's defenses is that the watermelon might have been killed by chemicals used to spray the beans grown on that spot the prior year which had a residual effect in the soil of three years. There was also evidence that McLain's watermelons had been damaged by overspray by another party a year or two prior to 1989 and that that overspray might have had a residual effect on the watermelons as well.

without objection. "Hearsay evidence, if not objected to, is admissible and may be considered along with other evidence." *Thorpe v. Meier,* 755 S.W.2d 683, 691 (Mo.App.1988). "The probative worth and value of such evidence is for the trier of the facts." *Id.* Apparently, the speculative alternative theories presented by respondent had sufficient probative value, in the eyes of the trial judge, to defeat appellant's claim. *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976).

There are many areas that need to be addressed regarding agricultural applications of chemicals. Because of the paucity of the record herein, we decline the opportunity to fully explore this area of the law.

I concur with the majority.