Quinn, J.
The jury rendered a verdict in favor of the plaintiffs, Marie Cottone, in the sum of $400, Josephine Di Girolamo, in the sum of $200, and the infant Janet Di Girolamo, in the sum of $200. Salvatore Cottone, husband of Marie Cottone, had sought to recover damages for injury to his right of consortium. Michael Di Girolamo, husband and father, respectively, of Josephine and Janet Di Girolamo had sought damages for medical expenses necessarily incurred by him in the cure of his wife’s and daughter’s injuries, impairment of his right to the services and conjugal society of his wife and injury to his right to the companionship of his infant daughter. The court instructed the jury that injury to a parent’s right to the companionship of an unemancipated infant is not recognized as an item of compensable damage, under the law of this State, and no action for injury to such right lies. (Gilbert v. Stanton Brewery, 295 N. Y. 270.)
The foreman of the jury in announcing the verdict in the actions of Salvatore Cottone and Michael Di Girolamo reported as follows: “We award Salvatore Cottone nothing * * * and we have given Michael Di Girolamo nothing ”.
The clerk in recording and repeating to the jury the record of their verdict, stated their findings to be “ and verdict for the defendant against Salvatore Cottone * * * and against Michael Di Girolamo in favor of the defendant ’ ’.
Obviously the clerk’s record of the jury’s verdict is at variance with the foreman’s report of the jury’s own true verdict. To permit the record to stand uncorrected would be to give the appearance of inconsistency to the jury’s verdict. (Gray v. Brooklyn Heights R. R. Co., 175 N. Y. 448, 450; Merz v. City of New York, 57 N. Y. S. 2d 213.) Implicit in the jury’s verdict are the findings that Marie Cottone, Josephine and Janet Di Girolamo suffered personal injuries (of a comparatively minor nature) without any want of care on their part, by reason of the negligence of the defendants as the competent and producing cause.
The jury’s true verdict of no damages for Salvatore Cottone and Michael Di Girolamo (in contrast with the clerk’s erroneous report of their verdict as being for the defendants) does not necessarily imply a recantation of any of the above findings so as legally to result inconsistently in a verdict for the defendants. Bather, the jury’s true verdict of no damages for the husbands is consistent with a reiteration of each and every prior finding with the added finding that the wives’ and child’s injuries were of such a minor nature as to result in no substantial impairment of the husbands’ rights of consortium and either no *1038 expenditure, or no necessity for the expenditure of moneys for medical services. Yet, because of the husbands’ rights to the services and conjugal society of their wives unimpaired by any negligently inflicted physical injury of another, however slight — and because of the theoretical violation of the husbands’ rights of consortium by reason of any slightest physical injuries visited upon their wives — it seems apparent that the jury’s verdict of no damages for the husbands, though consistent with their findings of injuries to the wives and child, is irregular in form, in that it fails, according to the established legal requisites, expressly to declare affirmance of the husbands’ rights. (Leonard v. Volz, 190 App. Div. 748, affd. 232 N. Y. 575.) For whenever any cognizable right of a person is violated, though there be no substantial injury nor general nor consequential damages, the law requires that the right be declared and affirmed and disapproval of its violation significantly voiced through the form of an award of nominal damages. The court, then, of its own motion, by virtue of the power conferred under section 105 of the Civil Practice Act hereby corrects the indicated irregularity in the form of the jury’s verdict and corrects the record so as to recite a verdict in favor of the plaintiffs Salvatore Cottone and Michael Di Girolamo, against the defendants, in the sum of six cents each. The clerk is directed to delete any inconsistent entries and conform the record to the foregoing. An order effecting the above may be entered upon notice to the affected parties and judgment entered accordingly.