Julius J. Gans, J.
Motion by plaintiffs for renewal and reargument of their motion made before me at Trial Term Part VIII of this court, to set aside the verdict of the jury pursuant to section 549 of the Civil Practice Act, is treated as an application for a rehearing. Upon such rehearing the court adheres to its original decision in denying plaintiff wife’s motion to set aside the verdict of $5,000 in her favor for damages she sustained as a result of personal injuries, on the ground it was inadequate.
The amount of plaintiff wife’s damages, nature, extent and duration of her injuries justified the jury’s finding and its verdict was not inadequate.
In the husband’s derivative action the jury reported that they found no damages and their verdict was recorded in favor of the defendant against the plaintiff.
The court instructed the jury as to the husband’s right to seek recovery for damages, if any, he sustained for medical expenses paid by him in the cure of his wife’s injuries, impairment of his right to her services and conjugal society. In that action, the jury in response to a question by the court as to specifically how they found in that case, the foreman responded: “ Nothing for the husband, just $5,000 altogether ’ ’.
The plaintiff wife was gainfully employed. After careful scrutiny of the husband’s testimony the jury’s finding was consistent and justifiable.
Chief Justice Peter A. Quinn of the City Court in Cottone v. Cristiano (1 Misc 2d 1036) in an able and clear opinion stated the established legal requisites for an award wherever a cog *1004 nizable right of a person is violated though there be no substantial injury nor general or consequential damages.
On page 1038 he stated in substance, because of the husband’s right to the services' and the conjugal society of his wife unimpaired by any negligently inflicted physical injury of another — and because of the theoretical violation of the husband’s rights of consortium — it appears that a jury’s verdict of no damages for the husband, though consistent with their findings of injuries to the wife is irregular in form, in that it fails according to the established legal requisites, expressly to declare affirmance of the husband’s rights.
The irregularity of the verdict in the husband’s case should, therefore, be corrected.
Accordingly, the court on its own motion by virtue of the power conferred under section 105 of the Civil Practice Act hereby corrects the indicated irregularity in the form of the jury’s verdict and corrects the record so as to recite a verdict in favor of the plaintiff Vladimir Groudine against the defendant in the sum of six cents. The Clerk is directed to delete any inconsistent entries and conform the record to the foregoing.