STATE of Missouri ex rel. STATE HIGHWAY COMMISSION of Missouri, Plaintiff-Respondent,

v.

Warren J. RECKER, et al., Exceptions of William Arbeiter, et al., Defendants-Appellants.

No. 42540.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 25, 1983.

Motion for Rehearing/Transfer to Supreme Court Denied March 17, 1983.

J.B. Carter, Clayton, for defendants-appellants.

William D. Steinmeier, Bruce A. Ring, Joy Ryan, Asst. Counsel, Kirkwood, for plaintiff-respondent.

STEPHAN, Judge.

Defendants William and Dorothy Arbeiter appeal from a condemnation proceeding initiated by the State Highway Commission[1] in which a jury awarded them $92,500 in compensation for the taking of a portion of their real property. Defendants' property, located on the west side of old State highway 21 in Jefferson County, was taken in order to widen and relocate part of the highway. The permanent taking involved 19 acres of the eastern portion of the 46 acre tract. Construction of the new highway caused 3.47 acres of the tract to be landlocked without access to any public way. Although defendants' home was not taken, damage to defendants included the relocation of certain underground utilities and a dog kennel, a reduction in amount of parking space, and relocation of the septic drain field. Both the defendants and the plaintiff took exceptions to the commissioners' award of $130,000 to defendants, and requested that a jury determine the damage to defendants' property. The jury awarded $92,500 in damages. We affirm.

---

1. Now known as Missouri Highway and Transportation Commission.

Defendants' first point on appeal is that the trial court improperly submitted instructions withdrawing general benefits and general damages from jury consideration. Defendants assert that the notes on use of MAI 34.03 limit the trial judge to giving the instructions only when requested by defendants. The instructions in issue which were offered by plaintiff provide as follows:

Instruction # 5

"In determining the value of Defendants' remaining property, you must not consider any general benefit which is conferred upon all property within useable range of the improvement of Highway 21."

Instruction # 6

"In determining the value of Defendants' remaining property, you must not consider any general damage which affects all property within useable range of the improvement of Highway 21."

Instruction # 5 is MAI 34.03, and # 6 is patterned after MAI 34.02. The notes on use following MAI 34.03 state in part that instruction "34.03 may be given at the defendant's option while MAI 34.02 may be given only at the discretion of the trial judge." Defendant contends that nothing in the notes on use allows plaintiff to offer such instructions alone or in conjunction with the general damages instruction.

The notes on use following the general benefits instruction state that this instruction, 34.03, may be given at the defendant's option while 34.02 (a closely related instruction withdrawing certain evidence or issues from consideration) may be given only at the discretion of the trial judge. The question raised by defendants' point on appeal is whether 34.03 may be given over defendants' objection. We note, in this connection, that it is error to refuse this instruction when requested by defendants whether or not there is evidence of general benefits. *State ex rel. State Highway Commission v. Southern Development Company,* 509 S.W.2d 18, 24 (Mo.1974). It does

not follow, however, that defendants' right to compel giving the instruction implies defendants' right to bar its submission. Whereas the trial judge has sole discretion in giving 34.02, regardless of whether either party requests it, the judge retains discretion in giving 34.03 even if the defendant attempts to block its submission. In the instant case, therefore, there was no error in the submission of instructions 5 and 6. Inasmuch as general benefits were a part of the evidence and the withdrawal instruction served properly to remove consideration by the jury of these benefits, we find the judge acted within his discretion in giving this instruction.

■ Defendants also maintain that the withdrawal instructions were prejudicial because they interjected issues other than damages not previously raised by plaintiff. Defendants contend that remarks made by plaintiff's expert in the field of real estate appraisal do not evidence general benefits, thus the submitted instructions caused the jury to consider issues that had no evidentiary foundation. We find defendants' assessment of general benefits and their argument that the instructions improperly introduced new issues to be without merit.

■ In highway construction cases a special benefit is one which either provides a separate direct access to the property, enables the property to become available for a new and more remunerative use, or provides other special benefits such as improved drainage, sanitation or flood protection, *Southern Development,* 509 S.W.2d 18, 27 (Mo.1974). A general benefit is one which simply improves the flow of traffic in the vicinity of the property without any benefit exclusively to the property in question. If, however, changing the manner of indirect access causes the property either to be no longer available for the same type of use for which it was formerly suited, or causes other special damages such as erosion or loss of flood protection, then the damage is special and not general.

■ In the case at bar, the new highway 21 is a limited access highway. All the landowners in the area were affected by this limited access, and thus this limitation of ingress and egress is correctly categorized as general. It is well settled law that general benefits to the remaining parcel of land after the taking may not be considered in determining the value of the land at the time of the taking. *State ex rel. State Highway Commission v. Tate,* 592 S.W.2d 777, 778[1] (Mo. banc 1980). Plaintiff's expert, Mr. Pilmer, testified as to the benefits accruing to the area taken as follows:

The only comment I would make in that respect is that the general benefits of the new Highway 21 will probably be reflected in all the land out in that area.

I don't think there's any diminution in value whatsoever of this property. If anything, after the new highway comes out through, I think that all properties from St. Louis County boundary down to Hillsboro will be worth more.

These remarks describe the type of advantage conferred by the public work upon all property within range of its utility that constitutes a general benefit. *State ex rel. State Highway Commission v. Southern Development Company,* 509 S.W.2d 18, 25 (Mo. 1974). The trial court did not err in giving the general benefits instruction even if there had been no evidence of general benefits in the case, for the jury could otherwise take general benefits into account in determining fair market value. *State ex rel. State Highway Commission v. Sams,* 484 S.W.2d 276, 278 (Mo.1972). Because the record contains evidence of general benefits as well as general damages, the instructions acted properly as a curative device. We therefore uphold the trial court's submission of instructions 5 and 6.

Defendants next assert that it was error to limit the testimony of William Degenhardt, a building contractor with forty-two years' experience. He had built seventy-five or eighty homes in Jefferson County including that of the defendants. Mr. Degenhardt testified that defendants' home was not "overbuilt" in the sense that it could not later be sold for what it cost defendants. When defendants' attorney at-

tempted to explore with the witness whether it was the general practice in Jefferson County for land to be developed by individual owners selling off small parcels of their property rather than by "professionals . . . developing large tracts," objections to such testimony were sustained. Defendants now maintain that such testimony should have been admitted to rebut evidence presented by plaintiff relating to the cost of development approach to the evaluation of real property. Defendants claim that plaintiff had used such evidence in its case, that such evidence is inadmissible, and that the limitation of witness Degenhardt's testimony warrants a new trial as it would have cured the error and rebutted plaintiff's evidence.

Defendants, however, made no objection to the admission of the cost of development method evidence in plaintiff's case. More importantly, defendants failed to make an offer of proof to the trial court as to what the excluded rebuttal would have been had Mr. Degenhardt been permitted to testify. Plaintiff's objection as to the rebuttal evidence, which was sustained, addressed the qualifications of the witness, not the expected content of the witness' testimony. After the ruling, defendants' counsel simply abandoned any further pursuit of the matter.

■ Although we recognize that admission of rebuttal evidence is a matter largely within the discretion of the trial court, *Chrisler v. Holiday Valley, Inc.*, 580 S.W.2d 309, 314 (Mo.App.1979), it is well settled that an alleged error in excluding evidence is not preserved for review unless an offer of proof is made by the party seeking to introduce the evidence which sufficiently demonstrates the relevance of the testimony. *Murphy v. Grisham*, 625 S.W.2d 215, 217 (Mo.App.1981). We therefore do not determine whether defendants' case was prejudiced by the trial court's limitation of Mr. Degenhardt's testimony.

Defendants' next claim of error arises out of a ruling by the trial court limiting a portion of defendants' closing argument referring to testimony of one of plaintiff's witnesses, Wallace R. Fitch.

■ On direct examination, Mr. Fitch had testified that he had discovered moisture on the defendants' property downhill from their sewage treatment facility. He did not elaborate on the fact. On cross-examination, defendants' attorney questioned Fitch as to whether the moisture could be "effluent" from the facility and elicited Fitch's "guess" that the facility was the source. Defendants' attorney persisted in his inquiries about the nature of the moisture; Fitch conceded that he could not conclusively state that the moisture was septic tank effluent without a microscopic examination. Having introduced to the jury the notion that the moisture was in fact sewage effluent, defendants' counsel asked the trial court to instruct the jury to disregard all such testimony from Mr. Fitch. The trial court promptly so instructed the jury. In closing argument, defendants' attorney returned to the subject, telling the jury that Mr. Fitch's testimony "about a damp spot . . . was for its emotional value, for its derogatory nature and its attempt to affect you emotionally . . ." In response to plaintiff's objection, that portion of the argument was stricken and the jury instructed to disregard it. It is this ruling that the defendants' now claim to be reversible error. We hold the point to be utterly devoid of merit. Having initially conjured up the spectre of septic tank effluent on cross-examination only to destroy it by having the jury instructed to disregard such testimony, defendants may not now be heard to complain that the trial court erred in refusing to permit the subject to be resurrected by them in closing argument. The trial court did not abuse its discretion in preventing defendants from referring in argument to evidence which they had caused to be excluded from the record. See *Parker v. Pine*, 617 S.W.2d 536, 543 (Mo.App.1981).

■ Defendants' final point is that the verdict was so inadequate as to demonstrate bias and prejudice upon the part of the jury. With respect to claims of excessiveness of a verdict so as to warrant a new trial, some other error in the conduct of the trial must be shown which caused the jury

to ignore the evidence and instructions. *Gipson v. Target Stores, Inc.,* 630 S.W.2d 107, 111 (Mo.App.1981). So it must be with a claim of inadequacy of the verdict. Defendants have failed to point out any occurrence in the trial which could have created prejudice against them in the minds of the jury. The verdict was within the range of the evidence presented on the issue of damages, and we see no reason to disturb the broad discretion of the trial court in approving it.

The judgment is affirmed.

STEWART, P.J., and CRANDALL, J., concur.