**Cecile Darlene IVY, Rebecca Ivy, and Regina Mae Goss, Appellants,**

v.

**WAL–MART STORES, INC., Respondent.**

**No. WD 40916.**

Missouri Court of Appeals, Western District.

Oct. 10, 1989.

Carrie Francke, and Loramel P. Shurtleff, Columbia, for appellants.

Stephen C. Scott, and Janice A. Harder, Hindman, Scott & Goldstein, Columbia, for respondent.

Before NUGENT, C.J. and CLARK and GAITAN, JJ.

CLARK, Judge.

Appellants, Cecile Ivy, Rebecca Ivy and Regina Goss sued respondent Wal–Mart Stores, Inc., for false arrest. The case was tried to a jury which returned verdicts in favor of Wal–Mart and against claimants Cecile and Rebecca. The verdict was in favor of claimant Regina but the jury awarded her no damages. All claimants appeal.

The facts of the case, recounted in conformity with the findings necessarily supportive of the verdicts as stated, were as follows. On September 17, 1985, Cecile, Rebecca and Regina went shopping. They first stopped at a store where Regina purchased cigarettes and then went to Wal–Mart. Several items were selected for purchase and as Cecile went through the checkout line to pay for the goods, Regina waited by the exit doors. As the group left to go to their automobile, Wal–Mart security guard Jones detained Regina, looked in her purse and accused her of stealing cigarettes from Wal–Mart.

Jones escorted Regina back into the store. Cecile and Rebecca were unwilling to leave without Regina and they therefore accompanied her and the guard to a room at the rear of the store where they were joined by store manager Blankenship and a female store employee. Regina and her companions were questioned as to where Regina had obtained the cigarettes but none was able to remember where they had been purchased. Eventually, Blankenship decided not to call the police and Regina, Cecile and Rebecca left the store. According to Regina, the total elapsed time was less than forty-five minutes. Store witnesses testified the time was twenty to twenty-five minutes.

The first three points raised by Regina all make essentially the same contention that it was error for the trial court to accept the verdict on Regina's suit. The argument is that the verdict was erroneous as a matter of law because once the jury found in favor of Regina on the issue of liability, it was obligatory that some damages be awarded to her. She says a verdict which found in her favor but awarded her no damages was contradictory and inconsistent. Respondent argues that Regina made no proof of any actual damages suffered and therefore the verdict was an understandable response by the jury to a claim unsupported by evidence.

■ The tort of false arrest is proved by evidence of confinement without legal justification by the wrongdoer of the person wronged. *Day v. Wells Fargo Guard Serv. Co.*, 711 S.W.2d 503, 504–05 (Mo. banc 1986). The elements of a cause of action for false imprisonment are the detention or restraint of one against his will,

and the unlawfulness of such detention or restraint. Liability attaches where it be shown that the defendant instigated, caused or procured the arrest. *Smith v. Lewis,* 669 S.W.2d 558, 562 (Mo.App.1983). General damages follow as a matter of course from the mere showing of wrongful arrest and imprisonment. Recoverable by way of general damages is compensation for mental suffering, humiliation, disgrace, injury to feelings and injury to reputation. *Oliver v. Kessler,* 95 S.W.2d 1226, 1229 (Mo.App.1936).

■ Regina is correct in contending that once the jury found in her favor on the issue of liability, that is, the jury agreed that she had been unlawfully restrained against her will by the Wal–Mart employees, she was at least entitled to an award of nominal damages. This necessarily follows because, as a matter of law, a plaintiff in a false arrest case need offer no proof of actual damages. Injury in that sense of monetary loss is not an element of the tort.

■ We concede the validity of appellant Regina's contention on the point regarding damages and agree that the verdict should not have been accepted in the form returned. Appropriate corrective action by the court would have called upon the jury to return for further deliberations with particular attention to the instruction on damages. That avenue of relief, however, is not available because Regina failed to raise the complaint about the inconsistent verdict before the jury was discharged.

In *Douglass v. Safire,* 712 S.W.2d 373 (Mo. banc 1986), the court held that a claim of inconsistency in a verdict rendering the verdict self-destructive must be presented to the trial court before the jury is discharged. If the point is not so presented, the claim of inconsistency will be deemed to have been waived. Raising the issue in a motion for new trial comes too late to preserve the matter for review.

The rule of *Douglass v. Safire, supra,* was followed in *O'Brien v. Mobil Oil Corp.,* 749 S.W.2d 457 (Mo.App.1988), a false arrest case. In *O'Brien,* the jury found in favor of the plaintiff and awarded punitive damages but no actual damages. The plaintiff sought no relief before the jury was discharged, except by request that the jury be polled. The court held that judgment was properly entered for the defendant because plaintiff had, under *Douglass v. Safire,* waived the claim of verdict inconsistency and without actual damages, an award of punitive damages could not stand.

The necessary consequence of the *Douglass v. Safire* rule in this case is that Regina may not base her claim to a new trial on the verdict inconsistency. The trial court did not err in refusing to grant Regina a new trial.

Regina also suggests in her brief that the trial court should have at least corrected the verdict by entering a sum for nominal damages. Whether a trial court is empowered to so alter a jury verdict is a matter of dispute. *See* discussion in concurring opinion by Satz, C.J., in *O'Brien v. Mobil Oil Corp., supra.* In any event, Regina made no such request of the trial court here, even in the motion for new trial. There is no error in this regard preserved for review.

■ In her fourth point, Regina contends the court erred when it denied her the opportunity to testify that the child she was carrying at the time of the subject incident was born prematurely and later suffered crib death. She argues that the testimony was improperly excluded despite her failure to present any expert medical evidence establishing a causal relationship between the acts of respondent and the premature birth and subsequent death of the child. Regina concedes the absence of expert medical proof and argues that her purpose was not to prove a causal connection, only the distress she suffered because she believed the events were linked.

The mere fact that an injury is suffered does not necessarily create liability. Plaintiff must also establish that the defendant's actions were the proximate cause of the injury for which damages are claimed. *Fischer v. Famous–Barr Co.,* 618 S.W.2d 446, 448 (Mo.App.1981). Although the ad-

vent of a discernable physical injury coincident with the event may give rise to an inference of proximate causation, if there has been no concurrent manifestation of injury, medical evidence is necessary to establish the type, extent or duration of the alleged injury. Thus, in *Gulley v. Spinnichia*, 341 S.W.2d 301 (Mo.App.1960), where the claim was made that an automobile accident was the cause of plaintiff's miscarriage, it was held that medical evidence was necessary to establish a causal relationship between the accident and the miscarriage. Similarly, in *Pihsiou Hsu v. Mound City Yellow Cab Co.*, 624 S.W.2d 61 (Mo.App.1981), the plaintiff was held not to have proved her case merely upon evidence that following an accident, she experienced pain and vertigo. Without expert medical evidence linking the complaints to the accident, a jury is left to speculate on the subject of causation and return a verdict based on guesswork and conjecture.

The present case is somewhat removed from the cited cases in that Regina actually makes no claim that her detention at the Wal–Mart store was the cause of the premature birth of her child or of its subsequent death. Rather, she sought to show that her own mental distress, an element of proven damages, was the product of her personal belief that the events were linked. However mistaken her assumption may have been and even though entirely groundless, she nonetheless argues that the jury was entitled to utilize this subjective condition of anxiety in determining her damages.

We reject the contention. If Regina intended to claim compensation from Wal–Mart for the distress she suffered upon the loss of her child, it was essential that she prove the cause of that distress to have been attributable to the misconduct of Wal–Mart employees in detaining her for interrogation about the theft of cigarettes. This she acknowledges was not the case. Wal–Mart is not responsible in damages for the described element of Regina's distress because the cause was not the conduct of Wal–Mart but was Regina's mistaken and unsupportable opinion. The trial court correctly excluded evidence on the subject.

■ In the next point, the three appellants collectively argue that the court erred when it denied them the opportunity to read as rebuttal evidence portions of a deposition of one John LaBlank. According to appellants, the evidence from LaBlank would have been that security officer Jones did not follow company procedures when he detained Regina and he was later fired because of the incident. The claim is that LaBlank's evidence would have refuted the testimony by Jones that he did act in accordance with company practices when he detained Regina. The point lacks any merit for several reasons.

At the point in the trial when the issue of the deposition evidence arose, the defense objected to the material as improper rebuttal. Counsel for plaintiffs then described to the court the purpose of the evidence and referred to the various pages of the deposition which she proposed to read. There was no formal offer of proof, the portions of the deposition tendered were not read into the record and the deposition itself is not a part of the legal file or the record on appeal.

Generally, a specific offer of proof is needed to enable the trial court to rule on the admissibility of evidence and to provide an adequate record for appellate review. The offer of proof must be more than a statement of the conclusions of counsel. *Tamper v. Schaper*, 748 S.W.2d 183, 184 (Mo.App.1988). In this case, there is an insufficient record on which the action of the trial court may be examined. We do not have the content of the witness's testimony, only a general summary by plaintiffs' attorney outlining what she perceived the evidence to be. The claim is for that reason not preserved as reviewable error.

■ Even were we to accept the record as it is before us suggesting the general nature of LaBlank's testimony as described above, there is no showing by appellants of any prejudice suffered on account of the denial to them of this evidence. To the extent the deposition actually amounted to rebuttal, it was only in the matter of whether Jones had correctly testified that

his conduct in the incident was in accordance with company procedures. Whether he had later been discharged from his position as a security guard was not referable to any defense evidence and it therefore did not constitute rebuttal.

Appellants' suit in the case was against Wal–Mart as the sole defendant. No cause of action was alleged against Jones. The evidence by Jones that his conduct conformed to his employer's instruction tended to support appellants' case against Wal–Mart showing Jones to have been acting within his authority. The rebuttal evidence that Jones acted contrary to instructions would have been helpful in a suit against Jones but detrimental to the cause against Wal–Mart. At a minimum, the evidence can scarcely be characterized as beneficial to appellants' case.

 Finally, it is held that admission of rebuttal evidence is a matter largely within the discretion of the trial court. *State ex rel. State Highway Comm'n v. Recker*, 648 S.W.2d 568, 572 (Mo.App.1983). Claimed error in the rejection of proffered rebuttal evidence is therefore reviewable only in the context of an abuse of discretion. We find no abuse of discretion in this case.

 In their final point, appellants Cecile and Rebecca contend they should have been granted a new trial because the verdicts against them were inconsistent with the verdict in favor of Regina and were not supported by substantial evidence.

The point is in fact not preserved for review because the contention was not included in appellants' motion for new trial. Even were it to have been preserved, the claim has no merit. Considering the evidence consistent with the verdict, ample proof was offered to show that neither Cecile nor Rebecca was suspected or accused of taking any merchandise and neither was detained or restrained in any manner. Instead, both voluntarily accompanied Regina back into the store because they did not wish to leave without her. Security guard Jones testified he explained to Cecile and Rebecca that he was interested only in a suspected theft of merchandise by Regina and that both Cecile and Rebecca were free to leave at any time. Obviously the jury believed this evidence and did not believe the evidence offered by appellants. The sixth and final point of error is denied.

The judgment is affirmed.

All concur.