**Hassan ZOK, Appellant,**

v.

**STATE of Alaska, Mark Reese, Russel Slaten, Appellees.**

No. S–5728.

Supreme Court of Alaska.

Sept. 29, 1995.

Rehearing Denied Nov. 17, 1995.

Hassan Zok, Anchorage, pro se.

Venable Vermont, Jr., Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for appellees.

Before: MOORE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

## OPINION

EASTAUGH, Justice.

### I. FACTS AND PROCEEDINGS

Hassan Zok filed suit against three Anchorage International Airport Safety Officers and their employer, the State of Alaska, claiming the officers had assaulted and illegally arrested him.[1] In the liability phase of Zok's bifurcated trial, the jury found the officers guilty of illegally arresting Zok. The same jury awarded Zok zero dollars at the completion of the damages phase of the trial. Zok moved for a new trial three days later. The motion was denied and this appeal followed.

### II. DISCUSSION

■ Zok alleges that the court erred in failing to instruct the jury regarding nominal damages and that the jury's verdict of zero damages was inconsistent with its prior finding that the officers were guilty of illegally arresting Zok.[2] Zok argues that these errors entitle him to a new trial.[3]

#### A. Inconsistent Verdict

■ Zok claims that the jury's verdict was inconsistent with the evidence presented.

1. Zok, who is pro se on appeal, was represented by an attorney in the trial court.

2. Zok also asserted in his statement of points on appeal that the trial court erred in failing to admit evidence at trial. Zok provided no substantive argument on this point in his opening brief, and only mentioned the court's alleged failure to admit evidence in his reply brief. We have held that where an issue is only mentioned in the opening brief it will not be considered on appeal, even if the issue is more fully argued in the reply brief. *Adamson v. University of Alaska*, 819 P.2d 886, 889 n. 3 (Alaska 1991). Consequently, even applying a more lenient standard for Zok as a pro se litigant, *see Breck v. Ulmer*, 745 P.2d 66, 75 (Alaska 1987), *cert. denied*, 485 U.S. 1023, 108 S.Ct. 1579, 99 L.Ed.2d 894 (1988) (stating that pleadings of pro se litigants should be held to less stringent standards than those of lawyers), Zok waived this issue. *Petersen v. Mutual Life Ins. Co.*, 803 P.2d 406, 411 (Alaska 1990).

Similarly, Zok's claim of ineffective assistance of counsel is also waived because he failed to argue this point on appeal in more than a cursory fashion. Moreover, we have never recognized a right to effective assistance of retained counsel in civil proceedings. Zok's remedy for any perceived deficiency in his attorney's services is a legal malpractice action.

3. Under Alaska Civil Rule 59(a), a court may grant a new trial if required in the interest of justice. The decision to grant or deny a new trial is within the trial court's discretion. The trial court's decision to deny a new trial will only be overturned in "the most exceptional circumstances and to prevent a miscarriage of justice." *Buoy v. ERA Helicopters, Inc.*, 771 P.2d 439, 445 n. 6 (Alaska 1989). In reviewing such denials, this court will view the evidence in the light most favorable to the non-moving party. *Hayes v. Xerox Corp.*, 718 P.2d 929, 933 (Alaska 1986).

We have held that challenges to the consistency of a verdict must be made prior to the discharge of the jury. *Blumenshine v. Baptiste*, 869 P.2d 470, 473 (Alaska 1994); *Grow v. Ruggles*, 860 P.2d 1225, 1226 (Alaska 1993). Zok did not challenge the jury's verdict before the jury was discharged; he consequently waived his right to challenge the verdict's consistency.

### B. *Failure to Instruct Jury Regarding Nominal Damages*

Zok argues that a victim of false arrest is entitled to nominal damages as a matter of law. He argues that the court's failure to instruct the jury regarding nominal damages entitles him to a new trial. The officers respond that even assuming that Zok was entitled to nominal damages, he waived this argument and the court's failure to give a nominal damages instruction is harmless error.

> Alaska Civil Rule 51(a) provides in part: No party may assign as error the giving or the failure to give an instruction unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of the objection.

In this case, Zok's attorney did not object to the court's failure to provide an instruction regarding nominal damages before the jury retired to consider its verdict. Thus, this court will only review the lack of jury instruction if plain error has occurred. *Conam Alaska v. Bell Lavalin, Inc.*, 842 P.2d 148, 153 (Alaska 1992). Plain error occurs if a jury instruction creates "a high likelihood that the jury will follow an erroneous theory resulting in a miscarriage of justice." *Id.* (citing *Ollice v. Alyeska Pipeline Serv. Co.*, 659 P.2d 1182, 1185 (Alaska 1983)). When analyzing plain error in jury instructions we must ultimately determine whether a correct instruction would have likely altered the result of the jury's verdict. *Id.* (citing *Hout v. NANA Commercial Catering*, 638 P.2d 186, 189 (Alaska 1981); *Miller v. Sears*, 636 P.2d

1183, 1190 (Alaska 1981); *City of Nome v. Ailak*, 570 P.2d 162, 171 (Alaska 1977)). Thus, we must determine whether the court's failure to instruct the jury that nominal damages are available as a matter of law to a victim of false arrest likely altered the jury's verdict in a way which resulted in a miscarriage of justice.

False arrest is one way of committing the tort of false imprisonment. *Ailak*, 570 P.2d at 168; W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 11, at 50 (5th ed. 1984); Barry A. Lindahl et al., *Modern Tort Law* § 41.02, at 503 (rev. ed. 1993). Although this court has never addressed the issue, Zok is correct when he argues that a victim of false arrest is entitled to nominal damages as a matter of law, regardless of whether actual damages have been proven. *Raysor v. Port Auth.*, 768 F.2d 34, 39 (2d Cir.1985), *cert. denied*, 475 U.S. 1027, 106 S.Ct. 1227, 89 L.Ed.2d 337 (1986); *Wilson v. Eberle*, 18 F.R.D. 7, 9 (D.Alaska 1955); *Shelton v. Barry*, 328 Ill.App. 497, 66 N.E.2d 697, 702 (1946); *Ivy v. Wal-Mart Stores, Inc.*, 777 S.W.2d 682, 684 (Mo.Ct.App. 1989); *Tessier v. LaNois*, 98 R.I. 333, 201 A.2d 927 (1964); *City of McMechen v. Fidelity and Casualty Co.*, 145 W.Va. 660, 116 S.E.2d 388, 392 (1960); Keeton § 11, at 48. The reasoning behind this rule is that, as a matter of law, a plaintiff in a false arrest case need offer no proof of actual damages because injury in the sense of monetary loss is not an element of the tort. *Ivy*, 777 S.W.2d at 684.[4]

Thus, once the jury found the officers guilty of unlawful arrest, Zok was entitled at least to nominal damages. Had the jury been instructed that, having found an unlawful arrest, it was required to award Zok nominal damages, the jury would have been legally bound to do so.

Zok's right to an award of nominal damages is not insignificant, even though the amount of such an award would have been insignificant. It is recognized that "[a]n award of nominal damages is a significant

4. A person is subject to liability to another for false imprisonment if (1) he or she acts intending to confine the other or a third person within boundaries fixed by the actor; (2) his or her act directly or indirectly results in such a confinement of the other; and (3) the other is conscious of the confinement or is harmed by it. Restatement (Second) of Torts § 35, at 52 (1965).

legal right...." 1 Marilyn Minzer et al., *Damages in Tort Actions* § 2.02, at 2–10 (1993). Courts use the term "nominal damages" to describe two types of awards: (1) a "trifling or token allowance" for a technical invasion of a plaintiff's rights or a breach of a legal duty when no actual injury is shown, or (2) "the very different allowance" made when actual loss or injury is shown, but plaintiff has failed to prove the extent and amount of damages. *Id.,* § 2.10, at 2–18.

One court has described the first type of nominal damages as follows:

> [W]henever any cognizable right of a person is violated, though there be no substantial injury nor general nor consequential damages, the law requires that the right be declared and affirmed and disapproval of its violation significantly voiced through the form of an award of nominal damages.

*Cottone v. Cristiano,* 1 Misc.2d 1036, 156 N.Y.S.2d 115, 117–18 (City Ct. of City of N.Y.1956). It is this type of claim for nominal damages which Zok presents.

In *Farrar v. Cain,* 756 F.2d 1148 (5th Cir.1985), *appeal following remand, Estate of Farrar v. Cain,* 941 F.2d 1311 (5th Cir.1991), *aff'd in part and rev'd in part, sub nom., Farrar v. Hobby,* 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (holding nominal damages sufficient to establish prevailing party status but affirming denial of attorney's fees on ground that award of nominal damages does not usually entitle a prevailing party to fees under 28 U.S.C. § 1988), the jury found that Hobby had violated the plaintiffs' civil rights, but awarded no damages against Hobby or other defendants. *Id.* at 1149–50. The plaintiffs argued on appeal that the trial court erred in failing to instruct the jury on nominal damages and in failing to award nominal damages as a matter of law because, in civil rights cases, nominal damages are routinely presumed or inferred. *Id.* at 1150. Plaintiffs had not objected at trial to the proposed instructions and special jury interrogatories. *Id.* On appeal, the Fifth Circuit held that the failure to object precluded review of the damages instructions concerning defendants other than Hobby be-

cause as to those defendants—who did not violate plaintiffs' civil rights—there was no fundamental error or miscarriage of justice. *Id.* at 1151. With regard to Hobby, however, the Fifth Circuit observed:

> Even when a violation of a civil right causes no actual injury to the plaintiff, the plaintiff is entitled to recover nominal damages. We have awarded nominal damages, not to exceed one dollar, when an infringement of a fundamental right was shown and we have also held that, once a jury has found a violation of a plaintiff's civil rights, it "could not ignore that finding in calculating damages. Violation of [the plaintiff's] constitutional rights was, at a minimum, worth nominal damages." Because the jury explicitly found that defendant Hobby had violated Farrar's civil rights, the jury should have awarded Farrar nominal damages, not to exceed one dollar, and it was error for the trial court not to do so when the Farrars so moved in their motion for a new trial.

*Id.* at 1152 (footnotes omitted). The court remanded for entry of an award of nominal damages against Hobby. *Id.* at 1152–53.

■ The failure to instruct regarding nominal damages altered the jury's special damages verdict and deprived Zok of the valuable right of full vindication for his unlawful arrest. Recovery of nominal damages is important not for the amount of the award but for the fact of the award. In this situation, the finding of liability, without an award of the nominal damages to which Zok was entitled as a matter of law was a fundamentally incomplete remedy for the particular tort Zok suffered. Thus, the failure to give a nominal damages instruction constitutes plain error. We must therefore review the failure to instruct to determine whether a new trial is necessary.

■ Nominal damages are by definition minimal monetary damages. *Magnett v. Pelletier,* 488 F.2d 33, 35 (1st Cir.1973); Minzer § 2.01, at 2–2. Consequently, the jury could not properly have returned a large nominal damages award for Zok.[5] Rather, nominal

---

5. In his brief, Zok argues that the jury could or

should have awarded him ten million dollars in

damages are usually one cent or one dollar. *Scavenius v. City of Anchorage,* 539 P.2d 1161, 1165 (Alaska 1975) (stating that the difference between an award of zero dollars and a nominal award is de minimis); Minzer § 2.01, at 2–2. Thus, had the jury been instructed that Zok was entitled to nominal damages, it could have awarded him only a nominal amount, e.g., one dollar.

It is generally recognized that because of the inconsequential monetary value of nominal damages, an appellate court will not reverse a judgment merely for the purpose of permitting the recovery of nominal damages. *Kalilikane v. McCravey,* 69 Haw. 145, 737 P.2d 862, 866 (1987); *Kraisinger v. Liggett,* 3 Kan.App.2d 235, 592 P.2d 477, 480 (1979); *Gebhardt v. Public Serv. Coordinated Transp.,* 48 N.J.Super. 173, 137 A.2d 48, 54 (1957); Minzer § 2.40, at 2–49. Some courts, however, have held that a lower court's decision not to award nominal damages will be reversed where nominal damages are necessary to recover punitive damages or determine who is the prevailing party for purposes of an attorney's fees allocation.[6] *Schulte v. Florian,* 370 S.W.2d 623, 626 (Mo.1963) (failure to award nominal damages requires reversal only when costs predicated on award of nominal damages); Minzer § 2.02, at 2–10, 2–16, 2–17 & § 2.40, at 2–49 (citing cases).

 In this case, the trial court granted summary judgment to the officers on the issue of punitive damages and attorney's fees are not at issue. Thus, the failure to instruct regarding nominal damages did not cause Zok to suffer a substantive monetary loss.

 Nevertheless, the jury found that the officers illegally arrested Zok. Zok's

right to be free from unlawful confinement is sufficiently important and fundamental in our society that a violation of that right requires an award of nominal damages. Full vindication of that right cannot be achieved simply by finding wrongdoing unless the judgment reflects an award of at least nominal damages.[7] Consequently, judgment must be entered awarding Zok nominal damages of one dollar. A new trial is unnecessary because the error can be corrected by the court as a matter of law, and thus there is no harm in correcting the verdict after the jury has been discharged. *O'Brien v. Mobil Oil Corp.,* 749 S.W.2d 457, 460–61 (Mo.App.1988) (Satz, C.J., concurring).

### III. CONCLUSION

We REMAND for entry of an award of nominal damages of one dollar in favor of Zok. We reject all other claims of error Zok has raised or attempted to raise in this appeal.

---

nominal damages. A nominal damages award greater than some trivial figure would have been legally excessive.

**6.** We held in *Oaksmith v. Brusich,* 774 P.2d 191, 201 (Alaska 1989), that nominal damages are a sufficient basis for an award of punitive damages. We have never determined whether nominal damages are required for a punitive damages award. We have indicated that in cases where actual damages are not an essential element of the cause of action, once culpability of the defendant is established, a verdict for exemplary damages is permitted even if there is no award of

nominal damages. *Haskins v. Shelden,* 558 P.2d 487, 493 (Alaska 1976).

**7.** We have previously reversed and remanded a case involving inverse condemnation even though the amount in controversy came "perilously close" to being de minimus and a new trial was required. *Wickwire v. City and Borough of Juneau,* 557 P.2d 783, 786 n. 11 (Alaska 1976).

In this case, remand is even more clearly appropriate than in *Wickwire* due to the importance of Zok's right to be free from unlawful confinement and because a new trial is not necessary to correct the error below.