**Hassan ZOK, Appellant,**

v.

**Richard B. COLLINS, Appellee.**

No. S–9264.

Supreme Court of Alaska.

Feb. 23, 2001.

Hassan Zok, pro se, Anchorage.

D. Scott Dattan, Law Office of D. Scott Dattan, Anchorage, for Appellee.

Before FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

## OPINION

CARPENETI, Justice.

## I. INTRODUCTION

Hassan Zok appeals the superior court's denial of his motion for partial summary judgment in his legal malpractice case against his former attorney, Richard Collins. Zok also appeals the superior court's grant of summary judgment in favor of Collins, arguing that the superior court erred in concluding that Zok could not prove his malpractice claim without the use of expert witnesses and that there were no disputes of material fact in his case.

Because material questions of fact were in dispute concerning Zok's allegations of incompetence on Collins's part, the superior court properly denied Zok's motion for partial summary judgment. But because expert testimony is not required to prove all aspects of Zok's legal malpractice claim and because Zok has demonstrated the existence of material questions of fact, the superior court improperly granted summary judgment against Zok as to those claims that do not require expert opinion testimony. We therefore affirm the denial of Zok's summary judgment motion, reverse in part the grant of Collins's summary judgment motion, and remand for further proceedings.[1]

## II. FACTS AND PROCEEDINGS

### A. Facts

In February 1988 Hassan Zok was detained and assaulted by State of Alaska airport security officers at Anchorage International Airport.[2] He was arrested and faced criminal charges as a result of this incident.

Attorney Richard Collins represented Zok in his criminal case; the charges were later dismissed by the state. Sometime thereafter, Zok entered into an oral contract with Collins in which Collins agreed to represent him on a contingency fee basis in a civil suit for money damages against the state and the arresting officers. This agreement was put into writing and signed by both parties in 1989.

In October 1988 Zok filed a complaint against the state in which he claimed $10,000,000 in damages for embarrassment and humiliation, as well as damages for pain and suffering and medical expenses. At trial, the jury found that the officers had arrested Zok illegally, but did not award him money damages.

---

1. Zok also challenges the superior court's denial of his motion for reconsideration and Rule 60(b) motion for relief from final judgment. Since we are reversing the grant of summary judgment to Collins, we need not reach these issues.

2. On a grant of summary judgment, we view the facts in the light most favorable to the party against whom summary judgment was granted. See Holland v. Union Oil Co., 993 P.2d 1026, 1029 (Alaska 1999).

Zok subsequently appealed to this court. We affirmed the trial court's judgment as to liability and resolved the damages issue by awarding him one dollar in nominal damages.[3]

### B. *Proceedings*

Zok filed a malpractice action against Collins in August 1996. Collins moved for summary judgment in October 1998 on the grounds of statute of limitations and collateral estoppel. At the hearing on this motion in January 1999, the superior court instructed Collins to "file specific motions" concerning Zok's "failure to produce any admissible evidence supporting his claim for malpractice within ten days."

On January 19, 1999, Collins filed a revised summary judgment motion claiming that Zok had not presented the court with any admissible evidence of malpractice and had failed to designate any expert witnesses. Zok opposed Collins's motion and filed a motion for partial summary judgment in February 1999.

In March 1999 the superior court denied Zok's motion and granted Collins's motion, reasoning that expert witnesses were required to prove malpractice and damages in the case and that Zok had neither designated nor offered any expert testimony in his opposition to Collins's motion. Zok moved for relief under Civil Rule 60(b) and for reconsideration; the superior court denied both motions in April 1999. The superior court also awarded Collins $2,066.60 in Civil Rule 82(b)(2) attorney's fees. Final judgment was entered on July 12, 1999.

Zok appeals.

### III. *STANDARD OF REVIEW*

 We review the grant or denial of summary judgment *de novo* to determine whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law on the established facts.[4] We draw all reasonable inferences of fact against the moving party and in favor of the non-moving party.[5]

### IV. *DISCUSSION*

#### A. *Zok Is Not Entitled to Partial Summary Judgment.*

Zok sought partial summary judgment on the grounds that the undisputed facts demonstrate that Collins breached his duty to Zok by violating the Rules of Professional Responsibility, Bar Rules, and Civil Rules. The superior court correctly denied his motion.

 First, Zok's partial summary judgment motion was untimely. Pursuant to the pretrial scheduling order, all dispositive motions were to be filed by October 31, 1998; Zok filed his motion in February 1999, several months after this deadline had passed.[6]

 Second, Zok is not entitled to summary judgment for substantive reasons—his pleadings fail to demonstrate that there is no genuine issue as to any material fact and that he is entitled to summary judgment as a matter of law.[7] Zok's motion offers no legal argument justifying relief and contains the same allegations of wrongdoing contained in his complaint. In addition, the facts alleged in Zok's motion and affidavit are far from undisputed; Collins consistently denied Zok's allegations. Because there are genuine controversies concerning material facts and because Zok has not proven that he is entitled to judgment as a matter of law, the superior

---

3. See *Zok v. State*, 903 P.2d 574, 579 (Alaska 1995).

4. See *Era Aviation, Inc. v. Seekins*, 973 P.2d 1137, 1139–40 (Alaska 1999) (denial of summary judgment); *Mount Juneau Enters., Inc. v. City of Juneau*, 923 P.2d 768, 772–73 (Alaska 1996) (grant of summary judgment).

5. See *Providence Wash. Ins. Co. v. Fireman's Fund Ins. Cos.*, 778 P.2d 200, 203 (Alaska 1989).

6. At the January 8, 1999 hearing on Collins's timely motion for summary judgment, the superior court gave Collins an additional ten days to file specific motions regarding Zok's failure to produce admissible evidence supporting his claim for malpractice. Even if we concluded that the January 18 deadline also applied to Zok, his motion would still have been over a month late.

7. See *Era Aviation*, 973 P.2d at 1139–40.

court properly denied his motion for partial summary judgment.

### B. *Collins Is Not Entitled to Summary Judgment.*

#### 1. *Collins is not entitled to judgment as a matter of law.*

■ Collins contends that he is entitled to judgment as a matter of law because Zok has not provided the court with the requisite expert evidence for proving an essential element of his prima facie legal negligence case-Collins's breach of his duty of care.[8] We agree only to the extent Zok's malpractice claims require expert testimony. We remand those aspects of Zok's claims that do not require expert opinion testimony.

In *Bohna v. Hughes, Thorsness, Gantz, Powell & Brundin,*[9] we stated that under Alaska law, "expert evidence is required 'to establish a breach of an attorney's duty of care, except in non-technical situations where negligence is evident to lay people or where the fault is so clear as to constitute negligence as a matter of law.' "[10]

■ Not all of the aspects of Zok's legal malpractice claim require expert testimony. Zok's assertions regarding Collins's failure to take certain routine actions, if true, speak to Collins's general laxity in prosecuting Zok's action and are so obviously a breach of an attorney's duty to his client that the average juror untrained in the law would be able to make a finding of negligence. These contentions include: (1) Collins's failure to oppose a number of pretrial motions that led to orders which severely crippled Zok's case before trial;[11] (2) his failure to move for attorney's fees and costs after Zok prevailed at trial and on appeal; (3) his failure to oppose the defendants' motion for summary judgment on the issue of punitive damages; and (4) his failure to oppose the defendants' motion to impose Civil Rule 37 sanctions on Zok for failure to comply with court rules even though Zok had complied.

■ Zok's allegations concerning Collins's failure to file papers implicate non-technical questions concerning Collins's performance that can be evaluated by a lay jury without expert testimony. The same is true of Zok's claims concerning Collins's noncompliance with the rules of discovery, including Collins's failure to comply with a motion to compel discovery regarding Zok's medical records and his consequent failure to oppose the motion or to communicate to the court that he had already produced evidence of Zok's medical records. The deleterious consequences of Collins's alleged failure to properly oppose this motion to compel, which led to sanctions that limited the evidence of damages Zok could produce, are also matters that can be understood and evaluated by laypersons.[12]

Because aspects of Zok's legal malpractice claims are discernible to laypersons and do not require expert testimony, Zok's failure to designate experts does not preclude him from proving that Collins breached his duty to Zok. Therefore, Collins is not entitled to judgment as a matter of law as to those

---

8. In order to prevail on a legal malpractice theory, a plaintiff must prove four elements: "(1) the duty of the attorney to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the [attorney's] negligence." *Shaw v. State, Dep't of Admin., Pub. Defender Agency,* 816 P.2d 1358, 1361 n. 5 (Alaska 1991) (quoting *Linck v. Barokas & Martin,* 667 P.2d 171, 173 n. 4 (Alaska 1983) (citations omitted)).

9. 828 P.2d 745 (Alaska 1992).

10. *Id.* at 761 (quoting *Drake v. Wickwire,* 795 P.2d 195, 196 (Alaska 1990)).

11. These orders prevented Zok from referring to his injuries sustained in his unlawful arrest, the dismissal of his criminal charges, and his culture and the Muslim religion.

12. Many aspects of Zok's claim of attorney malpractice clearly do require the support of expert opinion before they may be presented to a jury, including the claims that Collins committed malpractice by: (1) failing to seek a default judgment against one of the security officers; (2) allowing the dismissal of the State of Alaska without opposition; and (3) failing to press the issue of whether the State of Alaska was a "party in interest" at trial. We affirm the dismissal of those aspects of the malpractice claim that require expert opinion testimony.

aspects of the malpractice claim that do not require expert opinion testimony.

2. *This case presents a genuine dispute of material fact.*

■ In order to defeat a motion for summary judgment, the non-moving party "need not produce all of its evidence but instead must only show the existence of a genuine factual dispute."[13] Zok has satisfied this burden.

■ Zok has presented evidence of disputed issues of material fact in his verified complaint[14] and the affidavits he presented in opposition to summary judgment.[15] Zok's verified complaint sets forth numerous allegations of misconduct by Collins, including his failure to file appropriate papers seeking affirmative relief for Zok, his failure to oppose motions, and his failure to respond adequately to discovery requests. Because Collins summarily denied all of Zok's allegations of misconduct in his answer, material questions of fact exist in the present case.

Zok also presented affidavits from himself and others in support of his opposition to summary judgment. Zok's affidavit reiterates the points made in his verified complaint. The affidavits provided by witnesses for Zok—Nancy Horn and Paul Rommel Tension—allege that, contrary to Collins's assertions, Zok provided his bills and medical records to Collins.

Collins has denied Zok's allegations in his answer to Zok's verified complaint and has submitted an affidavit that generally alleges that he "is not the cause of any of [Zok's] damages." The numerous factual disagreements between the parties raise material questions of fact that can be resolved only at trial. Therefore, summary judgment is inappropriate in this case.

**13.** *Meyer v. State, Dep't of Revenue, Child Support Enforcement Div.,* 994 P.2d 365, 367 (Alaska 1999).

**14.** We have explicitly permitted parties to rely on verified pleadings in opposing summary judgment. *See Bennett v. Weimar,* 975 P.2d 691, 695 (Alaska 1999).

## V. *CONCLUSION*

Because Zok's motion for partial summary judgment raised disputed questions of material fact, the superior court properly denied that motion. But because Collins's motion for summary judgment raised a number of disputed questions of material fact and because expert testimony was not required to prove all aspects of Zok's legal malpractice claim, Collins's motion for summary judgment was improperly granted as to those aspects of the malpractice claim that require only lay testimony.

We therefore AFFIRM the superior court's denial of Zok's summary judgment motion and REVERSE in part the superior court's grant of Collins's summary judgment motion. We REMAND this case for further proceedings consistent with this opinion.

**15.** When making a summary judgment determination, a court should examine the pleadings, affidavits, and discovery answers to ascertain whether any genuine issues of material fact exist. *See Meyer,* 994 P.2d at 367.