NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| In the Matter of the Estate of | ) |
| | ) Supreme Court No. S-17896 |
| ROBERT NOEL MAXWELL | ) |
| | ) Superior Court No. 3AN-15-01655 PR |
| | ) |
| | ) MEMORANDUM OPINION |
| | ) AND JUDGMENT* |
| | ) |
| | ) No. 1926 – October 26, 2022 |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, William F. Morse, Judge.

Appearances: Donna Maxwell, pro se, Wasilla, Co-Personal Representative of the Estate of Robert Noel Maxwell. Diane Rogers, pro se, Tucson, Arizona, Co-Personal Representative of the Estate of Robert Noel Maxwell.

Before: Winfree, Chief Justice, Carney, Borghesan, and Henderson, Justices. [Maassen, Justice, not participating.]

## I. INTRODUCTION

A woman appeals the denial of her Alaska Civil Rule 60(b) motion for relief, alleging that her sister engaged in fraud and misconduct in the course of distributing their father's estate. The superior court denied the motion for lack of jurisdiction and, alternatively, on the merits. Although the superior court erroneously concluded it did not have jurisdiction, we affirm its denial on the merits.

---

\*        Entered under Alaska Appellate Rule 214.

## II. FACTS AND PROCEEDINGS

Robert Maxwell died in Nevada in 2015, although he was domiciled in Alaska. His daughters, Donna Maxwell and Diane Rogers, were appointed co-personal representatives of his estate on the condition that Rogers would withdraw a purported holographic will and agree to jurisdiction in Alaska. The sisters' relationship quickly deteriorated and they were no longer able to administer the estate cooperatively.

Both daughters filed competing proposals for distributing the estate, and the superior court adopted the probate master's recommendation to credit Maxwell's accounting of the estate. In 2017 the court ordered the estate closed.

A year later Rogers moved to reopen the estate, alleging Maxwell misappropriated estate funds that were supposed to be distributed to Rogers under the original order. The superior court reopened the estate and ordered Maxwell to provide documentation as to the status of Rogers's portion.

Rogers failed to appear at an October 2019 evidentiary hearing, and the superior court credited Maxwell's uncontradicted explanation that she paid Rogers through a mix of cash and tangible assets from the estate. The superior court "require[d] no further distribution of the Estate and . . . close[d] th[e] file."

Rogers moved for reconsideration, explaining she was mistaken about the date of the October hearing. The superior court invited Rogers to respond to Maxwell's version of events. Rogers produced documents and affidavits suggesting no cash payments were made and no tangible assets were assigned to her. The court then determined it "should reopen the case to have an evidentiary hearing to resolve the disputes."

After extensive testimony and fact finding the superior court issued a final judgment, finding Maxwell had not proven that she had in fact paid Rogers. The court therefore concluded that Maxwell had not satisfied her obligations under the original

order distributing the estate.

Maxwell appealed the final judgment. But she later filed a motion for relief from judgment[1] in the superior court, arguing the purported holographic will that Rogers had withdrawn constituted an ongoing fraud against the court. Maxwell then filed a motion to stay her appeal pending the outcome of her motion for relief, which we denied. The superior court then denied her motion for relief, reasoning that "[o]nce the superior court has issued a final judgment and a party appeals that judgment to the Alaska Supreme Court, the superior court no longer has jurisdiction . . . . The fact that the Supreme Court denied the requested stay underscores the superior court's lack of jurisdiction . . . ." Maxwell moved for reconsideration, and the superior court again denied the motion, adding that even if it had jurisdiction it would deny the motion on the merits.

Maxwell's brief addresses only the denial of her motion for relief. She argues it was an abuse of discretion and a denial of her due process rights for the superior court to reject her motion.

## III.   STANDARD OF REVIEW

"The denial of a Civil Rule 60(b) motion is generally reviewed for an abuse of discretion, as is the denial of a request for an evidentiary hearing on the subject of a Rule 60(b) motion."[2] However this court reviews de novo the validity of a judgment under Rule 60(b)(4).[3]

---

[1]    *See* Alaska R. Civ. P. 60(b).

[2]    *Brennan v. Brennan*, 425 P.3d 99, 105 (Alaska 2018) (footnote omitted).

[3]    *Gross v. Wilson*, 424 P.3d 390, 395 (Alaska 2018) (noting validity of judgment is purely legal determination); *see also* Alaska R. Civ. P. 60(b)(4) (allowing court to order relief from judgment if "the judgment is void").

A self-represented litigant's pleadings "should be held to less stringent standards than those of lawyers."[4] "But this relaxed standard has limits; for example, 'even when a [self-represented] litigant is involved, an argument is considered waived when the party cites no authority and fails to provide a legal theory for his or her argument.' "[5] And "even applying a more lenient standard," self-represented litigants must still adequately develop their issues in opening briefs.[6]

## IV. DISCUSSION

### A. It Was Error To Deny The Rule 60(b) Motion For Lack Of Jurisdiction, But The Error Was Harmless.

The superior court denied Maxwell's motion for relief because it believed her appeal of the final judgment precluded its continued exercise of jurisdiction. But we have held that "a party may move for Rule 60(b) relief in the superior court while an appeal is pending," and that "[t]he superior court [still] has jurisdiction to deny the motion."[7] If the motion has merit, however, the superior court "must first apply for and obtain a remand of the case from this court for the stated purpose of granting a Civil Rule 60(b) motion."[8] Because the superior court always retains jurisdiction to deny a 60(b) motion on the merits, it was legal error to deny the motion for lack of jurisdiction.

But the superior court cured this error on reconsideration when it clarified that it would deny the motion on the merits if it did in fact have jurisdiction. The court's

---

[4]     *Breck v. Ulmer*, 745 P.2d 66, 75 (Alaska 1987).

[5]     *Thoeni v. Consumer Elec. Servs.*, 151 P.3d 1249, 1257 (Alaska 2007) (quoting *Peterson v. Ek*, 93 P.3d 458, 464 n.9 (Alaska 2004)).

[6]     *Zok v. State*, 903 P.2d 574, 576 n.2 (Alaska 1995).

[7]     *Barnes v. Barnes*, 820 P.2d 294, 296 (Alaska 1991).

[8]     *Duriron Co. v. Bakke*, 431 P.2d 499, 500 (Alaska 1967).

error was therefore harmless.

**B.     The Superior Court Did Not Err By Denying The Rule 60(b) Motion On The Merits.**

Maxwell sought relief under Rule 60(b)(3), (4), and (6). Her sole argument was that the purported holographic will that Rogers had retracted based on a stipulation with her sister constituted an ongoing fraud upon the court. Maxwell cited "parts of the records, files and transcripts" as circumstantial evidence of her sister's overall fraudulent intent.

Rules 60(b)(4) and (6) do not apply. "Rule 60(b)(4) permits relief from a void judgment if the issuing court lacked subject matter jurisdiction or violated due process."[9] Maxwell has alleged no such error. We have explained that a "party can invoke subsection (b)(6) only if none of the other five clauses apply and 'extraordinary circumstances' exist."[10] But Rule 60(b)(3) provides relief in cases of "fraud . . . , misrepresentation, or other misconduct," which is the allegation in Maxwell's motion.[11] Because another subsection of the Rule applies, Rule 60(b)(6) cannot, and therefore Maxwell's motion turns solely on Rule 60(b)(3).

Rule 60(b)(3) provides relief from "judgments which were unfairly

---

[9]     *Gross v. Wilson*, 424 P.3d 390, 397 (Alaska 2018) (quoting *Blaufuss v. Ball*, 305 P.3d 281, 285 (Alaska 2013) ("[A] judgment is not void merely because it is erroneous.")); *see also Leisnoi, Inc. v. Merdes & Merdes, P.C.*, 307 P.3d 879, 891-92 (Alaska 2013) (considering whether judgment was void because of alleged "usurpation of power" by trial court).

[10]     *Juelfs v. Gough*, 41 P.3d 593, 597 (Alaska 2002) (quoting *Lacher v. Lacher*, 993 P.2d 413, 419 (Alaska 1999)).

[11]     Alaska R. Civ. P. 60(b)(3).

obtained, [and] not . . . those that are factually incorrect."[12] The alleged fraud must have "materially 'prevented the losing party from fully and fairly presenting his case or defense.' "[13] The Rule does not permit "relitigation of issues that have been resolved by the judgment."[14]

The purported holographic will cannot constitute an ongoing fraud upon the court because it was withdrawn. Maxwell and Rogers agreed to be appointed co-personal representatives of the estate on the condition that Rogers would retract the will. The court ordered their appointment only after the purported will was withdrawn. The withdrawn will is not an ongoing fraud upon the court and it could not have affected the court's decision. "Because none of these categories support relief under Rule 60(b), . . . the court's denial of [the appellant's] motion for relief and request for an evidentiary hearing was not an abuse of discretion."[15]

## V. CONCLUSION

The superior court's decision is AFFIRMED.

---

[12] *Brennan v. Brennan*, 425 P.3d 99, 112 (Alaska 2018) (quoting *Babinec v. Yabuki*, 799 P.2d 1325, 1333 (Alaska 1990)).

[13] *Id.*

[14] *Id.* (quoting *Morris v. Morris*, 908 P.2d 425, 429 (Alaska 1995)).

[15] *Id.* ("Furthermore, because [the appellant] could and did present arguments and evidence relating to [misconduct], . . . the court did not deny [them] due process.").